UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIYU WANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V.,<br>JEAN-MARC CHERY, and<br>LORENZO GRANDI<br><br>Defendants. | Case No. 1:24-cv-06370-AKH |
| MACKEL MALM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V., JEAN-MARC CHERY, and LORENZO GRANDI,<br><br>Defendants. | Case No. 1:24-cv-06384-AKH |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE STM INVESTOR GROUP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT....................................................................................................................... 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES.. 4

II.     THE STM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ......... 5

        A.      The STM Investor Group Is Willing to Serve as a Class Representative .............. 6

        B.      The STM Investor Group Has the "Largest Financial Interest" ............................ 7

        C.      The STM Investor Group Otherwise Satisfies the Requirements of Rule 23 ......... 8

        D.      The STM Investor Group Will Fairly and Adequately Represent the Interests of
                the Class and Is Not Subject to Unique Defenses.................................................. 12

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.......... 12

CONCLUSION.................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
    2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)................................................................................8

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) .............................................................................................10

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ...............................................................................................5

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (S.D.N.Y. 1992) ...............................................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................................4

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
    2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...........................................................................7

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
    2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)...........................................................................10

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
    1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ...............................................................................8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................10

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ...........................................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
    2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ....................................................................10, 11

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).................................................................................................7, 11

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
    2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...............................................................................7

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992)......................................................................................................9

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................................................4, 5

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ......................................................................12

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..............................................................7, 9

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
  2008 WL 2811358 (S.D.N.Y. July 7, 2008) .......................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................8

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ....................................................................4

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ....................................................................9

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ....................................................................12

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .......................................................7

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ...............................11

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)............................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
  2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)......................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)...............................................................12

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014).......................................................11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ...................................................................................................11

**Statutes**

15 U.S.C. § 78u-4 ..........................................................................................................................1, 5

Private Securities Litigation Reform Act of 1995 .................................................................. *passim*

Securities Exchange Act of 1934 .................................................................................1, 5, 7, 9

## <u>Rules</u>

Fed. R. Civ. P. 23 ..................................................................................................................... *passim*

Fed. R. Civ. P. 42 ..........................................................................................................................1, 4

Faith Close, Hassan Ibrahim, and Aya Zalat (collectively, the "STM Investor Group") respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the STM Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired STMicroelectronics N.V. ("STM" or the "Company") securities between January 25, 2024 and July 24, 2024, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  STM investors, including the STM Investor Group, incurred significant losses following the disclosure of Defendants' alleged fraud, which caused STM's share price to fall sharply, damaging the STM Investor Group and other STM investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the Exchange Act by the same defendants arising from substantially the same alleged fraud.  As such, the Related Actions involve common questions of both law ***and*** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, the STM Investor Group collectively purchased 500 shares of STM stock, expended $21,780 on these purchases, retained 500 of its shares of STM stock, and, as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $7,013 in connection with its Class Period transactions in STM securities.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.  Accordingly, the STM Investor Group believes that it has the largest financial interest in the relief sought in this litigation.  Beyond its considerable financial interest, the STM Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members and because it will fairly and adequately represent the interests of the Class.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, the STM Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the STM Investor Group respectfully requests that the Court enter an Order consolidating the Related Actions, appointing the STM Investor Group as Lead Plaintiff for the Class, and approving its selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, STM, together with its subsidiaries, designs, develops, manufactures, and sells semiconductor products in Europe, the Middle East,

2

Africa, the Americas, and the Asia Pacific.  The Company serves the automotive, industrial, personal electronics and communications equipment, and computers and peripherals sectors.

Defendants provided investors with material information concerning STM's expected revenue for the fiscal year 2024.  Defendants' statements included, among other things, confidence in the Company's understanding of the industrial and automotive sectors' recovery paths, repeated indications that they had hit the proverbial "bottom" of these trends, and continued claims that the low points of their original and updated guides factored in the risks associated with these macro trends.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of STM's forecasting ability; notably, that the Company did not truly have appropriate visibility to generate the guidance it put forth, failed to appropriately analyze the visibility it did have, or otherwise the Company was simply not truly equipped to handle the ongoing challenges in its end-market industries as they had projected. Such statements absent these material facts caused Plaintiff and other shareholders to purchase STM's securities at artificially inflated prices.

The truth emerged on July 25, 2024, when STM announced its financial results for the second quarter of fiscal 2024 and reduced its revenue guidance for the full fiscal year 2024.  The Company attributed their results and lowered guidance as, "contrary to our prior expectations, customer orders for Industrial did not improve and Automotive demand declined."

Investors and analysts reacted immediately to STM's revelation.  The price of STM's common stock declined dramatically.  From a closing market price of $39.54 per share on July

3

24, 2024, STM's stock price fell to $33.47 per share on July 25, 2024, a decline of more than 15.3% in the span of one day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

ARGUMENT

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).   Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

4

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the same defendants in connection with violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the prices of STM's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

II.    THE STM INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The STM Investor Group should be appointed Lead Plaintiff because it has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days

after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the STM Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.    The STM Investor Group Is Willing to Serve as a Class Representative

On August 23, 2024, counsel for plaintiff in the first-filed of the Related Actions caused the statutorily required Notice of this litigation to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against STM and other defendants, and which advised investors in STM securities that they had 60 days from the date of the Notice's publication—*i.e.*, until October 22, 2024—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

The STM Investor Group has filed the instant motion pursuant to the Notice and its members have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See*

*id.*, Ex. C.  Accordingly, the STM Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

        B.        The STM Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of its knowledge, the STM Investor Group has the largest financial interest of any STM investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, the STM Investor Group collectively: (1) purchased 500 shares of STM stock; (2) expended $21,780 on its purchases of STM stock; (3) retained 500 of its shares

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

of STM stock; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $7,013 in connection with its Class Period transactions in STM securities. *See* Lieberman Decl., Ex. A. To the extent that the STM Investor Group possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.       The STM Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018)); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v.*

*AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at \*2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.   Moreover, the Complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including the STM Investor Group.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at \*5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).   "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The STM Investor Group's claims are typical of those of the Class.   The STM Investor Group alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning STM, or by omitting to state material facts necessary to make the statements they did make not misleading.   The STM Investor Group, like other Class members, purchased STM securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove STM's share price downward.   These shared

claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, the STM Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits its choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, the STM Investor Group is also represented by the Bronstein, Gewirtz & Grossman LLC law firm in this litigation.  There is no evidence of antagonism or conflict between the STM Investor Group's interests and those of the Class.  Moreover, the STM Investor Group has submitted Certifications signed by its members declaring their commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and its significant financial interest demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Moreover, the STM Investor Group constitutes an appropriate movant group of the type routinely appointed to serve as Lead Plaintiffs.  *See, e.g.*, *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017

10

WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

The STM Investor Group likewise has demonstrated its adequacy because it is a small and cohesive movant group that has submitted a Joint Declaration attesting to, *inter alia*, its members backgrounds, investing experience, understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, decision to seek appointment jointly as Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.  Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

11

D.      The STM Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the STM Investor Group as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The STM Investor Group's ability and desire to fairly and adequately represent the Class has been discussed above.  The STM Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class.  Accordingly, the STM Investor Group should be appointed Lead Plaintiff for the Class.

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the STM Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on

12

behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

As a result of its extensive experience in litigation involving issues similar to those raised in these Related Actions, the STM Investor Group's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the STM Investor Group's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, the STM Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the STM Investor Group as Lead Plaintiff for the Class; and (3) approving the STM Investor Group's selection of Pomerantz as Lead Counsel for the Class.

13

Dated:  October 22, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Faith Close, Hassan Ibrahim, and Aya Zalat, and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Faith Close, Hassan Ibrahim, and Aya Zalat*

14