UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STMICROELECTRONICS N.V. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.: 1:24-cv-06370-AKH |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendants STMicroelectronics N.V., Jean-Marc Chery, and Lorenzo Grandi respectfully submit this Notice of Supplemental Authority regarding *Lew* v. *ON Semiconductor Corp.*, No. 24-00594, 2025 WL 1918543 (D. Ariz. July 11, 2025) (Exhibit A hereto). *Lew* confirms why Defendants' motion to dismiss should be granted.

*First*, like Judge Cote's recent decision in *In re Mobileye Global Securities Litigation*, 2025 WL 1126967 (S.D.N.Y. Apr. 15, 2025), *Lew* dismissed claims that tried to characterize a semiconductor-maker's predictions about its post-pandemic business outlook as securities fraud. In *Lew*, "[t]he COVID-19 pandemic caused a chip shortage" that led "customers to place purchase orders with multiple suppliers," "causing predictability issues" for manufacturers. 2025 WL 1918543, at *1. The *Lew* plaintiff claimed that ON Semiconductor's statements that its long-term sales agreements were "ironclad" and a "win-win" were false because "one . . . automotive customer reneged [on] its commitment to purchase" semiconductors and the company disclosed that it was "renegotiat[ing]" customer agreements. *Id*. at *2, *12, *17. Those claims are analogous to Plaintiffs' here: that ST's descriptions of future demand "visibility" as "very clear" were rendered false by eventual order cancellations. (SAC ¶¶ 64, 98.) Making forecasts about business

outlook in an uncertain post-pandemic enviroment that turn out, with hindsight, to be wrong is not securities fraud, and this Court should join the courts in *Mobileye* and *Lew* in concluding so.

*Second*, *Lew* properly held that ON Semiconductor's statements that future demand is "very, very predictable," and that the company is "in a much better spot" were the kind of "classic feel-good monikers" that are "incapable of objective verification" and thus amount to "inactionable puffery." 2025 WL 1918543, at *10, *15. Again, those statements are no different from the statements challenged here—such as Mr. Chery's statements that the "market dynamic" appeared "very, very solid" (SAC ¶ 62), and that "visibility" was "very good" (SAC ¶ 68)—and the statements here are inactionable for the same reason. As *Lew* explained, companies may speak in "inherently aspirational" terms and "provide an optimistic view of [their] quarterly outlooks" without misleading reasonable investors. 2025 WL 1918543, at *10.

*Third*, *Lew* held that the complaint in that case failed to "allege a strong inference of scienter." *Id.* at *11. As here, the plaintiff in *Lew* alleged "forward-looking" statements but did not allege "actual knowledge" of falsity and instead relied "on speculation and unsupported conclusions." *Id.* at *14. And as in *Lew*, if ST's predictions were wrong, the "inference . . . that is at least as compelling" is that the statements "were made as an honest mistake and based on general corporate optimism" and were not intentional fraud. *Id.* at *19.

Dated: New York, New York
       July 18, 2025

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
David M.J. Rein
Julia A. Malkina
Maxwell F. Gottschall
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com
gottschallm@sullcrom.com

Counsel for Defendants