**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STMICROELECTRONICS N.V. SECURITIES LITIGATION | Case No. 1:24-cv-06370-AKH |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Faith Close, Hassan Ibrahim, Aya Zalat, and Ferdinando Garbuglio respectfully submit this Response to Defendants' Notice of Supplemental Authority [ECF No. 48] regarding *Lew v. ON Semiconductor Corp.*, No. 24-00594, 2025 WL 1918543 (D. Ariz. July 11, 2025) ("*Lew*") and *In re Mobileye Global Securities Litigation*, 24cv310 (DLC), 2025 WL 1126967 (S.D.N.Y. Apr. 15, 2025) ("*Mobileye*"). Both *Lew* and *Mobileye* concerned companies in the semiconductor automotive industry but the similarities with this Action end there. All other aspects of these cases are factually and legally distinguishable and cannot support dismissal of the Second Amended Complaint ("SAC") [ECF No. 42].

*First*, unlike the confidential witness ("CW") allegations in *Lew* and *Mobileye*, the SAC provides high-level, comprehensive, and contemporaneous CW accounts that are inconsistent with Defendants' positive representations. In *Lew*, the entire complaint hinged on one CW who only discussed an order with one military contractor, and "did not remain with [the company] to find out if the military customer never placed any relevant orders, was not part of any negotiations, and [did] not purport to know whether [the company's] predictions accounted for any reductions based on the military customer." 2025 WL 1918543, at *11–12. In *Mobileye*, the complaint relied on

two CWs, whose accounts regarding minimum contracts were entirely consistent with the Company's 10-K disclosures. 2025 WL 1126967, at *10.

In contrast, here, Plaintiffs relied on CW1, the former President of the automotive division that accounted for 45% of STM's revenue in 2023 and a member of the Company's Executive Committee, and who directly reported to Defendant Chery, the CEO of STM. SAC ¶¶34–36. CW1's seniority at the Company and position to know pertinent information cannot be questioned given that Defendants themselves identified CW1 as a member of "senior management" in their SEC filings. SAC ¶35.

CW1 states that: (a) the Individual Defendants knew about a strong decline in demand, (b) orchestrated a channeling stuffing scheme in the division that CW1 presided over, and (c) were warned about both the existence of the channel stuffing scheme as well as the misleading nature of their representations to investors. SAC ¶¶37-41, 76–77; *see also* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 46, "Pls.' Br.") at 12. This direct, contemporaneous evidence of an artificial scheme to inflate performance and the specific warnings provided to the highest levels of management is further supported both by the experiences of CW2, CW3, CW4, CW5, and CW7, SAC ¶¶3, 45–54, 56, and economic analysis that exhibited *ex post* indicators of channel stuffing, SAC ¶¶43–44. *See* Pls.' Br. at 17, 21.

Defendants are unable to come up with a persuasive reason to disregard these well-pled, particularized allegations. Instead, Defendants urge the Court to conduct a trial by paper at the pleading stage by assessing the credibility of the CWs, examining the consistency (or rather Defendants' imagined inconsistency) of the CW accounts, and assuming, without basis, that Defendants disagreed with the CWs and thus had a right to withhold material information from

2

investors because of their presumed, superior understanding of the facts. *See, e.g.*, Defendants' Reply In Support of Defendants' Motion to Dismiss the Second Amended Complaint [ECF No. 47] at 7–8, 12–14. None of this is remotely appropriate at the pleading stage even in securities fraud cases.

*Second*, Defendants' contention that their false representations related to "visibility" are inactionable is contradicted by the law in this Circuit. *See, e.g.*, *In re Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2016 WL 1629341, at *10 (S.D.N.Y. Apr. 22, 2016) (representation about "visibility in the inventories" found false "because it led investors to believe that Defendants' future projections were based on accurate knowledge of current inventory levels."); *see also Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 767–75 (9th Cir. 2023) (statements concerning the strength of a sales pipeline are neither inactionable puffery nor forward-looking when they describe past and current conditions, and were contradicted by "the unflattering facts" in the company's possession).

Here, the SAC made it clear that CW1 pointedly conveyed to the Individual Defendants the unflattering then-present market conditions, including but not limited to the orders STM had already received and the elevated inventory that STM already knew about. SAC ¶¶37-41. This allegation is alone sufficient to render even puffery actionable under Second Circuit law as well as demonstrate actual knowledge under the Private Securities Litigation Reform Act's safe harbor even assuming the SAC is viewed in a light most favorable to the Defendants—the opposite of what courts do at the pleading stage. Pls.' Br. at 12–13.

Had *Lew* and *Mobileye* relied on a high-level CW identified as a member of "senior management" by the defendants in those cases, and whose account was further corroborated by multiple CWs as in this Action, the outcomes in those cases likely would have been different.

Dated: July 24, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*
Omar Jafri
Joshua B. Silverman
Brian P. O'Connell
Diego Martinez-Krippner
Jianan Jiang
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email: ojafri@pomlaw.com
        jbsilverman@pomlaw.com
        boconnell@pomlaw.com
        dmartinezk@pomlaw.com
        ajiang@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
        ahood@pomlaw.com
        tprzybylowski@pomlaw.com

*Lead Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone:  (212) 363-7500
Facsimile:  (212) 363-7171
Email: aapton@zlk.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**

4

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

*Additional Counsel for Plaintiffs*