**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STMICROELECTRONICS N.V. SECURITIES LITIGATION | Case No.: 1:24-cv-06370-AKH |
| | Honorable Alvin K. Hellerstein |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED**
**CLASS ACTION COMPLAINT**

Robert J. Giuffra Jr.
David M.J. Rein
Julia A. Malkina
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com

*Counsel for Defendants STMicroelectronics N.V., Jean-Marc Chery, and Lorenzo Grandi*

October 20, 2025

Defendants STMicroelectronics N.V. ("ST"),[*] Jean-Marc Chery, and Lorenzo Grandi (together, "Defendants"), by and through their undersigned counsel, respond to the Second Amended Complaint ("Complaint") filed by plaintiffs Hassan Ibrahim, Aya Zalat, Ferdinando Garbuglio, and Faith Close (together, "Plaintiffs") in the above-captioned action ("Action") as follows.

Unless expressly admitted, all allegations in the Complaint (including all footnotes and headings) are denied.

### RESPONSES TO ALLEGATIONS

1.    Paragraph 1 sets forth Plaintiffs' description of their legal claims, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 1, except admit that Plaintiffs purport to bring this Action on behalf of all persons and entities that purchased or otherwise acquired ST common stock or sold put options for such stock on the New York Stock Exchange or another United States trading venue between March 14, 2023 and October 30, 2024 ("Class Period").  Defendants deny that this Action is properly maintained as a class action and deny that Plaintiffs are entitled to the relief they seek on behalf of themselves and other members of the putative class.  Defendants further deny that Plaintiffs or any other individual or entity suffered any injury as a result of any action or conduct of Defendants.

2.    Defendants deny the allegations contained in paragraph 2, except admit that ST manufactures semiconductor products for the automotive, industrial, personal electronics and communications equipment, and computers and peripherals markets.

---

[*]    STMicroelectronics N.V. is the parent company and securities issuer.  STMicroelectronics N.V. conducts its global business through STMicroelectronics International N.V. and also conducts its operations through service activities from its subsidiaries.  This answer uses "ST" to refer to the parent and its subsidiaries.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 regarding what the unnamed CWs might have reported to Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4, except admit that the quoted language in paragraph 4 was included in public statements made by Mr. Chery in 2023 and that ST filed reports with the U.S. Securities and Exchange Commission ("SEC") that were signed by Messrs. Chery and Grandi. Defendants further deny that the allegations contained in paragraph 4 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the transcripts and filings referenced in paragraph 4 for a complete and accurate statement of their contents.

5. Defendants deny the allegations contained in paragraph 5, except admit that ST issued financial results on April 25, 2024. Defendants further deny that the allegations contained in paragraph 5 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the announcement referenced in paragraph 5 for a complete and accurate statement of its contents.

6. Defendants deny the allegations contained in paragraph 6, except admit that ST issued financial results on July 25, 2024. Defendants further deny that the allegations contained in paragraph 6 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the announcement referenced in paragraph 6 for a complete and accurate statement of its contents.

7. Defendants deny the allegations contained in paragraph 7, except admit that ST issued financial results on October 31, 2024. Defendants further deny that the allegations contained in paragraph 7 completely and accurately reflect the statements referenced therein and

respectfully refer the Court to the announcement referenced in paragraph 7 for a complete and accurate statement of its contents.

8. Defendants deny the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 purports to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 9, except admit that Plaintiffs purport to assert claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

10. Paragraph 10 purports to state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action.

11. Paragraph 11 purports to state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants admit that venue is proper in this District, but deny that Defendants targeted any investors with any materially false or misleading statements during the proposed Class Period.

12. Paragraph 12 purports to state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 12.

## PARTIES

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 regarding the alleged stock purchases and alleged put sales by Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 13, except admit that Plaintiffs submitted signed certifications.

3

14. Defendants admit that ST is organized under the laws of The Netherlands, has its corporate seat in The Netherlands, and is managed through its wholly owned subsidiary, STMicroelectronics International N.V., which is headquartered in Switzerland. Defendants further admit that ST's common stock trades on the New York Stock Exchange, Euronext Paris, and the Borsa Italiana. Defendants further admit that ST's common stock trades on the New York Stock Exchange under the ticker symbol "STM." Defendants otherwise deny the allegations contained in paragraph 14.

15. Defendants admit that Mr. Chery served as ST's Chief Executive Officer and President and as a Member of ST's Managing Board during the proposed Class Period. Defendants deny the remaining allegations contained in paragraph 15.

16. Defendants admit that Mr. Grandi served as ST's Chief Financial Officer and President of Finance, Purchasing, Enterprise Risk Management, and Resilience during the proposed Class Period. Defendants deny the remaining allegations contained in paragraph 16.

17. Paragraph 17 sets forth Plaintiffs' definition of "Individual Defendants" and "Defendants," to which no response is required.

18. Paragraph 18 purports to state legal conclusions, including assertions regarding control, knowledge, and liability, as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 18, except admit that Messrs. Chery and Grandi participated in earnings calls and signed certain of ST's SEC filings during the proposed Class Period.

## SUBSTANTIVE ALLEGATIONS

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants admit that semiconductors, also called chips, are integrated circuits used in certain electronic devices in sectors such as healthcare, communications, consumer

electronics, and transportation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 estimating the size or projected growth of the global semiconductor market.

21.     Defendants admit the allegations contained in paragraph 21 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

22.     Defendants admit the allegations contained in paragraph 22 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

23.     Defendants admit the allegations contained in paragraph 23, except deny that the Automotive end market drives ST's revenue and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

24.     Defendants admit the allegations contained in paragraph 24, except deny the allegations that AMS provided driver monitoring devices and regarding how "most" revenue was generated, and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.  Defendants further aver that ST operated three product groups, which were the Automotive & Discrete Group, the Analog, MEMS & Sensors Group, and the Microcontrollers & Digital ICs Group, from 2016 until the end of Fiscal Year 2023.

25.     Defendants admit that ST's Microcontrollers & Digital ICs Group offers various products associated with the STM32 microcontroller ecosystem.  Defendants otherwise deny the allegations contained in paragraph 25 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

26.    Defendants admit the allegations contained in paragraph 26.

27.    Defendants deny the allegations contained in paragraph 27 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 regarding what the unnamed CW1 might have reported to Plaintiffs.

28.    Defendants deny the allegations contained in paragraph 28, except admit that semiconductor demand declined at the start of the COVID-19 pandemic and later rebounded, that electric vehicles use more semiconductors than non-electric vehicles, and that ST's revenues were $10.2 billion in fiscal year 2020, $12.8 billion in fiscal year 2021, and $16.1 billion in fiscal year 2022. Defendants respectfully refer the Court to ST's Form 6-K, filed with the SEC on May 12, 2022, for a complete and accurate statement of ST's fiscal year 2027 revenue ambitions and associated forward-looking statement warnings.

29.    Defendants admit that in 2022, ST signed multi-annual capacity reservation and volume commitment arrangements with certain customers and respectfully refer the Court to ST's 2022 Form 20-F, filed with the SEC on February 23, 2023, for a complete and accurate statement of those arrangements. Defendants further admit that Mr. Chery made public statements regarding the conclusion of certain of those arrangements and respectfully refer the Court to the full statements by Mr. Chery for a complete and accurate statement of their contents. Defendants otherwise deny the allegations contained in paragraph 29.

30.    Defendants admit that ST announced its second quarter 2023 earnings on July 27, 2023, and that in announcing those earnings, ST indicated fiscal year 2023 revenue of $17.4 billion, plus or minus $150 million. Defendants respectfully refer the Court to ST's second quarter

6

2023 earnings release, dated July 27, 2023, and the transcript of ST's second quarter 2023 earnings call for a complete and accurate statement of their contents. Defendants further admit that ST announced its third quarter 2023 earnings on October 26, 2023 and that in announcing those earnings, ST indicated fiscal year 2023 revenue of approximately $17.3 billion. Defendants respectfully refer the Court to ST's third quarter 2023 earnings release, dated October 26, 2023, and the transcript of ST's third quarter 2023 earnings call for a complete and accurate statement of their contents. Defendants further admit that certain industry sources reported that global semiconductor sales declined in 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 regarding statements or actions attributed to Nordic Semiconductor ASA or Samsung Electronics Co., Ltd. Defendants otherwise deny the allegations contained in paragraph 30.

31.     Defendants admit that ST held an earnings call on October 26, 2023, deny that the allegations contained in paragraph 31 completely and accurately reflect the statements made on that call, and respectfully refer the Court to the transcript of the October 26, 2023 earnings call for a complete and accurate statement of its contents. Defendants otherwise deny the allegations contained in paragraph 31.

32.     Defendants admit that the Semiconductor Industry Association website page, dated November 1, 2023, cited in the Complaint states that global semiconductor sales for the month of September 2023 fell 4.5% compared to September 2022 and respectfully refer the Court to that website page for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 regarding the statements or actions attributed to NXP Semiconductors N.V. Defendants otherwise deny the allegations contained in paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 regarding statements or actions attributed to Mobileye Technologies Ltd. Defendants otherwise deny the allegations contained in paragraph 33, except admit that ST's stock price on the New York Stock Exchange closed at $46.99 on January 3, 2024 and $44.90 on January 4, 2024.

34. Defendants deny the allegations contained in paragraph 34, except admit that ST reported fiscal year 2023 revenue of approximately $17.3 billion, including ADG revenue of approximately $7.8 billion, and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 22, 2024, for a complete and accurate statement of ST's fiscal year 2023 financial performance. Defendants otherwise deny the allegations contained in paragraph 34.

35. Defendants admit that ST's 2023 Form 20-F, filed with the SEC on February 22, 2024, identifies nine members of ST's Executive Committee, including Messrs. Chery and Grandi, and uses "senior management" to refer to members of the Executive Committee. Defendants respectfully refer the Court to ST's 2023 Form 20-F, filed with the SEC on February 22, 2024, for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 regarding what the unnamed CW1 might have reported to Plaintiffs.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 regarding what the unnamed CW1 might have reported to Plaintiffs.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 regarding what the unnamed CW1 might have reported to Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 regarding what the unnamed CW1 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 38.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and footnote 6 regarding what the unnamed CW1 might have reported to Plaintiffs.   Defendants otherwise deny the allegations contained in paragraph 39 and footnote 6.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 regarding what the unnamed CW1 might have reported to Plaintiffs and as to the definition of "channel-stuffing."  Defendants otherwise deny the allegations contained in paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 regarding what the unnamed CW1 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 41, except admit that ST tracks certain operating metrics, including certain sales and shipment data, in the ordinary course of business.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 regarding what the unnamed CW1 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 regarding what the unnamed CW1 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 43, except

9

respectfully refer the Court to the article *Detection of Channel Stuffing*, dated May 10, 2011, cited in the Complaint for a complete and accurate statement of its contents.

44. Defendants deny the allegations contained in paragraph 44 and the first sentence of footnote 8 and respectfully refer the Court to ST's Form 6-K, filed with the SEC on October 31, 2024, for a complete and accurate statement of ST's Q3 2024 financial performance. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of footnote 8.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 regarding what the unnamed CW2 might have reported to Plaintiffs.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 regarding what the unnamed CW2 might have reported to Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 regarding what the unnamed CW3 might have reported to Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 regarding what the unnamed CW3 might have reported to Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 regarding what the unnamed CW3 might have reported to Plaintiffs. Defendants otherwise deny the allegations contained in paragraph 49.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 regarding what the unnamed CW4 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 regarding what the unnamed CW5 might have reported to Plaintiffs.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 regarding what the unnamed CW5 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 regarding what the unnamed CW5 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 53.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 regarding what the unnamed CW5 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 54.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 regarding what the unnamed CW6 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 55.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 regarding what the unnamed CW7 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 56.

57.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 regarding what the unidentified former employees

might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 57.

58.    Defendants deny the allegations contained in paragraph 58, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 14, 2023 Citi TMT Conference for a complete and accurate statement of its contents.

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 59.

60.    Defendants deny the allegations contained in paragraph 60, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's April 27, 2023 earnings call for a complete and accurate statement of its contents.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 61.

62.    Defendants deny the allegations contained in paragraph 62, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the June 6, 2023 Exane BNP Paribas 25th European CEO Conference for a complete and accurate statement of its contents.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 63.

64.     Defendants deny the allegations contained in paragraph 64, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the June 6, 2023 Exane BNP Paribas 25th European CEO Conference for a complete and accurate statement of its contents.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the September 6, 2023 Citi Global Technology Conference for a complete and accurate statement of its contents.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's October 26, 2023 earnings call for a complete and accurate statement of its contents.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 69.

70.     Defendants deny the allegations contained in paragraph 70, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully

13

refer the Court to the transcript of ST's October 26, 2023 earnings call for a complete and accurate statement of its contents.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 71.

72.     Defendants admit that ST announced its financial results for fiscal year 2023 on January 25, 2024 and that the quoted language in paragraph 72 was included in ST's January 25, 2024 earnings release, but deny that the allegations contained in paragraph 72 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to ST's January 25, 2024 earnings release for a complete and accurate statement of its contents.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 73.

74.     Defendants deny the allegations contained in paragraph 74, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's January 25, 2024 earnings call for a complete and accurate statement of its contents.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 75.

76.     Defendants deny the allegations contained in paragraph 76, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully

14

refer the Court to the transcript of ST's January 25, 2024 earnings call for a complete and accurate statement of its contents.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 77.

78.    Defendants admit that ST filed its Annual Report for Fiscal Year 2023 on Form 20-F ("2023 Form 20-F") on February 22, 2024 and that Mr. Chery signed the 2023 Form 20-F. Defendants further admit that the quoted language in paragraph 78 (excluding Plaintiffs' alteration) was included in the 2023 Form 20-F, but deny that the allegations contained in paragraph 78 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete an accurate statement of its contents.

79.    Defendants admit that the quoted language in paragraph 79 (excluding Plaintiffs' alterations) was included in an exhibit to the 2023 Form 20-F, but deny that the allegations contained in paragraph 79 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the 2023 Form 20-F and its exhibits for a complete and accurate statement of their contents.

80.    Defendants deny the allegations contained in paragraph 80, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

81.    Defendants deny the allegations contained in paragraph 81.

82.    Defendants deny the allegations contained in paragraph 82, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants deny the allegations contained in paragraph 84, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

85.     Defendants deny the allegations contained in paragraph 85.

86.     Defendants deny the allegations contained in paragraph 86, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

87.     Defendants deny the allegations contained in paragraph 87.

88.     Defendants deny the allegations contained in paragraph 88, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 12, 2024 Citi TMT conference for a complete and accurate statement of its contents.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 12, 2024 Citi TMT conference for a complete and accurate statement of its contents.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 91.

92.    Defendants deny the allegations contained in paragraph 92, except admit that ST held its first quarter 2024 earnings call on April 25, 2024.  Defendants further deny that the allegations contained in paragraph 92 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's April 25, 2024 earnings call for a complete and accurate statement of its contents.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 93.

94.    Defendants admit that ST held its second quarter 2024 earnings call on July 25, 2024 and that the quoted language in paragraph 94 was included in statements made on the July 25, 2024 earnings call, but deny that the allegations contained in paragraph 94 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's July 25, 2024 earnings call for a complete and accurate statement of its contents.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 regarding what the unnamed CWs might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 95.

96.    Defendants deny the allegations contained in paragraph 96, except admit that ST announced first quarter 2024 earnings on April 25, 2024 and that in that earnings release, indicated revenue for fiscal year 2024 in the range of $14 to $15 billion.  Defendants respectfully refer the Court to ST's April 25, 2024 earnings release for a complete and accurate statement of its contents.

97.    Defendants deny the allegations contained in paragraph 97, except admit that ST's common stock price on the New York Stock Exchange closed at $42.60 on April 25, 2024, $41.33 on April 26, 2024, $41.18 on April 29, 2024, and $39.56 on April 30, 2024.

17

98.    Defendants deny the allegations contained in paragraph 98, except admit that ST announced second quarter 2024 earnings on July 25, 2024, and that in that earnings release, indicated revenue for fiscal year 2024 in the range of $13.2 billion to $13.7 billion.  Defendants respectfully refer the Court to ST's July 25, 2024 earnings release for a complete and accurate statement of its contents.

99.    Defendants deny the allegations contained in paragraph 99, except admit that ST's common stock price on the New York Stock Exchange closed at $39.54 on July 24, 2024 and $33.47 on July 25, 2024.

100.    Defendants admit that TD Cowen published a report on July 25, 2024 that included the language quoted in sentence one of paragraph 100 (excluding Plaintiffs' alterations), that Morgan Stanley published a report on July 26, 2024 that included the language quoted in sentence two of paragraph 100 (excluding Plaintiffs' alteration), and that Jeffries published a report on July 26, 2024 that included the language quoted in sentence three of paragraph 100 (excluding Plaintiffs' alterations).  Defendants deny that the allegations contained in paragraph 100 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the July 25, 2024 TD Cowen report, the July 26, 2024 Morgan Stanley report, and the July 26, 2024 Jeffries report for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations contained in paragraph 100.

101.    Defendants admit that ST announced third quarter 2024 earnings on October 31, 2024 and that in that earnings release, ST indicated revenue for fiscal year 2024 of approximately $13.27 billion.  Defendants respectfully refer the Court to ST's October 31, 2024 earnings release for a complete and accurate statement of its contents.  Defendants further admit that Morgan Stanley published a report on October 31, 2024 that included the language quoted in sentence three

of paragraph 101 (excluding Plaintiffs' alteration) and that TD Cowen published a report on October 31, 2024 that included the language quoted in sentence four of paragraph 101 (excluding Plaintiffs' alteration).  Defendants deny that the allegations contained in paragraph 101 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the October 31, 2024 Morgan Stanley report and the October 31, 2024 TD Cowen report for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations contained in paragraph 101.

102.    Defendants deny the allegations contained in paragraph 102, except admit that ST's common stock price on the New York Stock Exchange closed at $27.55 on October 30, 2024, $27.14 on October 31, 2024, $26.67 on November 1, 2024, and $25.96 on November 4, 2024.

103.    Defendants deny the allegations contained in paragraph 103, except admit that ST held its second quarter 2024 earnings call on July 25, 2024 and that ST held an investor conference on November 20, 2024.  Defendants further deny that the allegations contained in paragraph 103 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's July 25, 2024 earnings call and the transcript of ST's November 20, 2024 investor conference for a complete and accurate statement of their contents.

104.    Defendants deny the allegations contained in paragraph 104 and footnote 9, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 14, 2023 Citi TMT Conference for a complete and accurate statement of its contents.

105.    Defendants deny the allegations contained in paragraph 105, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's April 27, 2023 earnings call for a complete and accurate

19

statement of its contents.

106. Defendants deny the allegations contained in paragraph 106, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the September 6, 2023 Global Technology Conference for a complete and accurate statement of its contents.

107. Defendants deny the allegations contained in paragraph 107, deny that those allegations completely and accurately reflect the statement referenced therein, and respectfully refer the Court to the transcript of ST's April 25, 2024 earnings call for a complete and accurate statement of its contents.

108. Defendants deny the allegations contained in paragraph 108.

109. Defendants deny the allegations contained in paragraph 109, except admit that ST derives substantial revenue from selling semiconductors and that a substantial portion of that revenue comes from the Automotive and the Industrial end markets.

110. Defendants deny the allegations in paragraph 110 and footnote 10, except admit that Messrs. Chery and Grandi sold ST common stock both before and during the proposed Class Period and aver that those sales were routine stock sales by corporate executives, including automatic sales to cover taxes, rather than unusual insider trading activity and complied with ST's insider trading policy.

111. Defendants deny the allegations contained in paragraph 111, except admit that Mr. Chery's previous three-year term as Chairman of ST's Managing Board expired at the end of 2024, and aver that his reappointment for another three-year term was approved at ST's 2024 Annual General Meeting of Shareholders.

112. The first sentence of paragraph 112 purports to state a legal conclusion as to which

no response is required.  To the extent that a response is required, Defendants deny the allegations contained in the first sentence of paragraph 112.  Defendants otherwise deny the allegations contained in paragraph 112, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of its contents.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 regarding what the unnamed CW8 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 regarding what the unnamed CW8 might have reported to Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 114, except admit that Mr. Chery's previous three-year term as Chairman of ST's Managing Board expired at the end of 2024 and that ST's Supervisory Board proposed his appointment to another three-year term as Chairman of ST's Managing Board in March 2024.  Defendants respectfully refer the Court to the article *Italy Drops Opposition to STMicro CEO, Settling Spat with France*, dated March 23, 2024, cited in the Complaint for a complete and accurate statement of its contents.

115.    Defendants deny the allegations contained in paragraph 115, except admit that Mr. Chery's appointment for another three-year term as Chairman of ST's Managing Board was approved at ST's 2024 Annual General Meeting of Shareholders on May 22, 2024.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

116.    Paragraph 116 sets forth Plaintiffs' description of their legal claims as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 116.

21

117.    Paragraph 117 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 117, except admit that ST had 903,865,763 common shares outstanding across the exchanges that it is listed on as of December 31, 2022.

118.    Paragraph 118 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 118.

119.    Paragraph 119 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 119.

120.    Paragraph 120 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 120.

121.    Paragraph 121 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 121.

122.    Paragraph 122 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 122.

123.    Paragraph 123 purports to state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 123.

124.    Paragraph 124 purports to state legal conclusions as to which no response is

required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 124.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

125.    Paragraph 125 does not require a response because it merely incorporates the prior allegations in the Complaint without setting forth any specific allegation to either admit or deny. To the extent that a response is required, Defendants repeat their responses to the prior allegations in the Complaint as if set forth in full herein.

126.    Paragraph 126 sets forth Plaintiffs' description of their legal claims as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 126.

127.    Defendants deny the allegations contained in paragraph 127.

128.    Defendants deny the allegations contained in paragraph 128.

129.    Defendants deny the allegations contained in paragraph 129.

130.    Defendants deny the allegations contained in paragraph 130.

131.    Defendants deny the allegations contained in paragraph 131.

132.    Defendants deny the allegations contained in paragraph 132.

133.    Defendants deny the allegations contained in paragraph 133.

134.    Defendants deny the allegations contained in paragraph 134.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

135.    Paragraph 135 does not require a response because it merely incorporates the prior allegations in the Complaint without setting forth any specific allegation to either admit or deny.

23

To the extent that a response is required, Defendants repeat their responses to the prior allegations in the Complaint as if set forth in full herein.

136. Defendants deny the allegations contained in paragraph 136.

137. Paragraph 137 purports to state legal conclusions as to which no response is required.

138. Paragraph 138 purports to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 138.

139. Paragraph 139 purports to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 139.

140. Defendants deny the allegations contained in paragraph 140.

**PRAYER FOR RELIEF**

The paragraph entitled "Relief Requested" states Plaintiffs' requests for relief and therefore no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

**DEMAND FOR TRIAL BY JURY**

The paragraph entitled "Jury Demand" states Plaintiffs' demand for a trial by jury and therefore no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the trial requested or any trial whatsoever.

**DEFENSES**

Defendants state the following defenses and reserve their rights to assert other and additional defenses of which they may become aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, Defendants do not assume any

24

burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs.

## FIRST DEFENSE

The Complaint has failed to state a claim for which relief can be granted against Defendants.

## SECOND DEFENSE

The Complaint fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

## THIRD DEFENSE

The Complaint fails to plead that the alleged statements at issue were materially false or misleading, and neither Plaintiffs nor the putative class can prove that the alleged statements at issue were materially false or misleading.

## FOURTH DEFENSE

The Complaint fails to plead that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor, and neither Plaintiffs nor the putative class can prove that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor.

## FIFTH DEFENSE

The Complaint fails to plead that Defendants owed or breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted from the statements at issue, and neither Plaintiffs nor the putative class can prove that Defendants owed or breached any duty to

Plaintiffs or the putative class to disclose information allegedly omitted from the statements at issue.

## SIXTH DEFENSE

The claims of Plaintiffs and the putative class are barred to the extent that they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws.

## SEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the PSLRA's statutory safe harbor.  *See* 15 U.S.C. § 78u-5(c).  The alleged misstatements and omissions are forward-looking, were accompanied by sufficient cautionary language, and were not made with actual knowledge that they were false or misleading.

## EIGHTH DEFENSE

The claims of Plaintiffs and the putative class that are predicated on statements of opinion or belief fail because neither Plaintiffs nor the putative class can prove that those non-actionable statements were objectively false when made and that any such statement misrepresented the speaker's subjective opinion or belief.

## NINTH DEFENSE

The Complaint fails to plead loss causation, and neither Plaintiffs nor the putative class can prove loss causation.  None of the matters referred to in the Complaint caused Plaintiffs or any putative class member to incur any economic harm, damages, or loss.

## TENTH DEFENSE

The Complaint fails to plead transaction causation, and neither Plaintiffs nor the putative class can prove transaction causation.

**ELEVENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because any damage, loss, or injury was caused or contributed to by market conditions and/or the conduct of others, rather than any conduct of Defendants. As such, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other causes.

**TWELTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because there is no causal relationship between the alleged misstatements or omissions and the purchases of the securities at issue, and the purchases were not effected by means of the alleged misstatements or omissions.

**THIRTEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred to the extent that they rest on allegations of breach of fiduciary duty or mismanagement that are not actionable under the federal securities laws.

**FOURTEENTH DEFENSE**

The Complaint fails to plead scienter with the requisite particularity, and neither Plaintiffs nor the putative class can prove scienter.

**FIFTEENTH DEFENSE**

Defendants did not intentionally or recklessly mislead, make any misrepresentation, or fail to disclose any fact or circumstance that they were obligated to disclose.

27

**SIXTEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and putative class members had knowledge of the alleged untruths or omissions at the time they acquired the securities in question.

**SEVENTEENTH DEFENSE**

If and to the extent the statements at issue are found to have been false or misleading (which Defendants deny), the actual facts alleged to have been misstated or omitted were in fact known to or entered the securities market through credible sources. Plaintiffs and the putative class are not entitled to any recovery because the substance of the allegedly material information that was allegedly misstated or omitted was in fact publicly available and/or widely known to the market and the investing community.

**EIGHTEENTH DEFENSE**

Plaintiffs and the putative class did not reasonably rely on any allegedly false or misleading statement of material fact when they purchased ST shares, and the "fraud-on-the-market" presumption of reliance is unavailable in this Action. Without limiting the generality of the foregoing, the "fraud-on-the-market" presumption of reliance is unavailable in this Action because, among other reasons, any allegedly false or misleading statement of material fact and/or any alleged omissions of material fact had no impact on the price of the securities at issue.

**NINETEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and putative class members purchased the securities at issue with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their securities would decline if those risks materialized, and any alleged losses were caused by those risks coming to

28

fruition.

## TWENTIETH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and the putative class would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

## TWENTY-FIRST DEFENSE

Defendants acted with reasonable and due care and in good faith at all times, and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

## TWENTY-SECOND DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and putative class members purchased the securities at issue with knowledge of the risks involved and assumed those risks, and any alleged losses were caused by those risks coming to fruition.

## TWENTY-THIRD DEFENSE

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## TWENTY-FOURTH DEFENSE

Plaintiffs lack standing to assert their claims or claims on behalf of the putative class.

## TWENTY-FIFTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## TWENTY-SIXTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by Defendants' cautionary language and the bespeaks caution doctrine.

## TWENTY-SEVENTH DEFENSE

The Section 20(a) claim is barred because there is no underlying fraud violation under Section 10(b), and thus the Individual Defendants cannot be held liable as control persons under Section 20(a).

## TWENTY-EIGHTH DEFENSE

The Section 20(a) claim is barred because the Individual Defendants did not control the making of the challenged statements.

## TWENTY-NINTH DEFENSE

On information and belief, Plaintiffs and putative class members, failed to take action that was reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and the claims of Plaintiffs and the putative class are barred to the extent of such failure to mitigate.

## THIRTIETH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

## TIRTY-FIRST DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to them.

**THIRTY-SECOND DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because they seek recoveries not available under the federal securities laws.

**THIRTY-THIRD DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Defendants acted with reasonable care. After reasonable and diligent investigation, Defendants had reasonable grounds to believe, and did believe, the alleged misstatements at issue were true and omitted no material fact necessary to make those statements not misleading.

**THIRTY-FOURTH DEFENSE**

Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs or putative class members.

**THIRTY-FIFTH DEFENSE**

Plaintiffs and putative class members are not entitled to attorney's fees or expert fees as a matter of law.

At this time, the Complaint does not describe the claims made against Defendants with sufficient particularity to allow Defendants to determine all their defenses, and Defendants therefore lack sufficient knowledge to form a belief as to the existence and availability of additional defenses. Defendants reserve their rights to assert additional defenses, cross-claims, and third-party claims as they discover them through discovery or other investigation. Defendants hereby give notice that they intend to rely upon such other and further defenses. In all instances, Defendants reserve the right to amend and/or supplement any and all defenses set forth herein.

Dated: October 20, 2025
New York, New York

Respectfully Submitted,

/s/ *Robert J. Giuffra Jr.*
Robert J. Giuffra Jr.
David M.J. Rein
Julia A. Malkina
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com

*Counsel for Defendants STMicroelectronics
N.V., Jean-Marc Chery, and Lorenzo Grandi*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Answer has been served by electronic CM/ECF filing, which will send notification of such filing to all counsel of record, on this 20th day of October 2025.

Respectfully Submitted,

/s/ *Robert J. Giuffra Jr.*

Robert J. Giuffra Jr.
David M.J. Rein
Julia A. Malkina
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com

*Counsel for Defendants STMicroelectronics
N.V., Jean-Marc Chery, and Lorenzo Grandi*