# EXHIBIT KK

Confidential- Subject to Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STMICROELECTRONICS N.V. SECURITIES LITIGATION | Case No. 1:24-cv-06370-AKH |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Lead Plaintiffs Faith Close, Hassan Ibrahim, and Aya Zalat ("Lead Plaintiffs"), together with additional plaintiff Ferdinando Garbuglio (collectively, "Plaintiffs"), by and through their undersigned counsel ("Plaintiffs' Counsel") hereby respond and object to Defendants' First Set of Interrogatories ("Interrogatories") served on Plaintiffs, through their counsel via e-mail on January 21, 2026, as follows:

**PRELIMINARY STATEMENT**

Plaintiffs' answers and objections to the Interrogatories, set forth below, are provided without prejudice to Plaintiffs' rights at trial or other proceedings, and Plaintiffs therefore reserve their right to object to: (a) the use of these answers and objections on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; or (b) any other demand for discovery involving or relating to the matters raised in the Interrogatories or the information produced in response to the Interrogatories. Additionally, Plaintiffs' answers and objections to the Interrogatories are made based on information in Plaintiffs' possession, custody, or control at this time, and Plaintiffs reserve the right to supplement or modify their answers based upon any information or documents that may later be recalled, discovered, or produced.

Confidential- Subject to Protective Order

No incidental or implied admissions are intended in these answers. Plaintiffs' answers to all or any part of the Interrogatories should not be taken as an admission that: (i) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Interrogatory; (ii) Plaintiffs have in their possession, custody, or control any information responsive to the Interrogatory; or (iii) Plaintiffs' answers constitute admissible evidence. Plaintiffs' answers to all or any part of any Interrogatory are not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objection(s) to that Interrogatory.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Instructions, Definitions, and Interrogatories to the extent that they purport to impose obligations upon Plaintiffs that are greater than or beyond those required under the Federal Rules and the Local Rules of this District (the "Local Rules"). Any Responses to the Interrogatories will comply with the requirements of the Federal Rules and the Local Rules.

2.      Plaintiffs object to the Interrogatories to the extent that they seek discovery of information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges and protections. Plaintiffs will not reveal or produce protected or privileged information. Plaintiffs' answers to the Interrogatories are not intended to, nor shall they operate as, a waiver by Plaintiffs, either intentionally or unintentionally, of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection.

3.      Plaintiffs object to the Interrogatories because they exceed the limit of 25 per side. *See Gonzalez v. United States*, No. 22-CV-3370 (NRM) (JMW), 2023 WL 3455059, at *5 (E.D.N.Y. May 15, 2023), *aff'd*, No. 2:22-CV-3370 (OEM) (JMW), 2023 WL 7102162 (E.D.N.Y. Oct. 27, 2023). Further, to the extent Defendants style these Interrogatories as solely propounded

Confidential- Subject to Protective Order

by STMicroelectronics, N.V., but not Jean-Marc Chery, and Lorenzo Grandi, that is an improper evasion of the per side limit of 25 interrogatories. *See, e.g.*, *Gucci America, Inc. v. Exclusive Imports Int'l.*, No. 99 CIV.11490 RCC FM., 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002) (rejecting six defendants' claim that they were entitled to serve 150 interrogatories); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (noting that the "more sensible approach" is to treat parties represented by the same attorney and acting in unison as one party); *Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4–5 (E.D. Cal. Jan. 17, 2020) (limiting parties acting in unison to 25 interrogatories).

4.      Plaintiffs' Responses and Objections are based upon their understanding of the Interrogatories and the specific language used by the Defendants. Plaintiffs' answers do not mean that Plaintiffs adopt, admit, or otherwise agree whatsoever with any facts assumed by the Interrogatories. To the extent it may later be determined that any of the Interrogatories were intended to be construed in a manner different from Plaintiffs' interpretation at the time of service of these Responses, Plaintiffs reserve the right to amend their Responses.

5.      The Responses below are based on Plaintiffs' knowledge as of the date these Responses and Objections are being served. Plaintiffs reserve the right to supplement, revise, correct, add to, clarify, or amend the objections, answers, or Responses set forth herein.

6.      Plaintiffs object to the Interrogatories to the extent that they seek information or documents that are already in Defendants' possession, custody, or control, or to the extent that the information or documents sought may be derived from publicly available information, where the burden of deriving the responsive information is substantially the same for Defendants as it is for Plaintiffs.

3

Confidential- Subject to Protective Order

7.      Plaintiffs object to the Interrogatories to the extent that they request that Plaintiffs generate documents containing duplicative information for the benefit of Defendants, when such information could be provided in a document production.

8.      Plaintiffs object to the Interrogatories as overly broad, unduly burdensome, and not proportional to the needs of the case in that the Interrogatories provide for no limitation on the time period for which the information is sought.

9.      Plaintiffs further object to Defendants' definition of the terms "Plaintiffs," as well as "You," "Your" and "Yours" on the grounds that they are vague, overbroad and unduly burdensome, and include Plaintiffs' attorneys and persons acting on their behalf, which makes these Interrogatories improper as they seek information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiffs respond to the Interrogatories only as to themselves, *i.e.*, Faith Close, Hassan Ibrahim, Aya Zalat, and Ferdinando Garbuglio.

10.     Plaintiffs further object to Defendants' definition of the term "ST Supervisory Board" to the extent it includes "any person who has served as secretary, vice secretary, expert or controller, whether serving in a permanent, interim, acting, full-time, part-time, appointed, or elected capacity." Plaintiffs construe the term "ST Supervisory Board" to mean the chairman, vice chairman, and members of ST's Supervisory Board, as of December 31, 2023 and December 31, 2024, identified on pages 73 and 79 of ST's Form 20-F Annual Reports for the fiscal years ended December 31, 2023 and December 31, 2024, filed with the U.S. Securities and Exchange Commission on February 22, 2024 and February 27, 2025, respectively.

11.     Plaintiffs further object to Defendants' definitions of the terms "Italian Ministry of Economy and Finance" and "MEF" to the extent they include "any person who has served at any time as an employee, officer, minister, deputy minister, undersecretary, director, manager, civil

4

Confidential- Subject to Protective Order

servant, adviser, consultant, secondee, contractor, or member of any department, directorate, task force, committee, or working group of the Italian Ministry of Economy and Finance, whether in a permanent, temporary, full-time, part-time, appointed, or acting capacity." Plaintiffs construe the terms "Italian Ministry of Economy and Finance" and "MEF" to mean the *Ministero dell'Economia e delle Finanze* of the Republic of Italy and any person who identified themselves to Plaintiffs, or can be identified from information readily available to Plaintiffs, as an employee, officer, minister, deputy minister, undersecretary, director, manager, or civil servant of the Italian Ministry of Economy and Finance.

12. Plaintiffs further object to Defendants' definitions of the terms "Italian Ministry of Enterprises and Made in Italy" and "MIMIT" to the extent they include "any person who has served at any time as an employee, officer, minister, deputy minister, undersecretary, director, manager, civil servant, adviser, consultant, secondee, contractor, or member of any department, directorate, task force, committee, or working group of the Italian Ministry of Enterprises and Made In Italy, whether in a permanent, temporary, full-time, part-time, appointed, or acting capacity." Plaintiffs construe the terms "Italian Ministry of Enterprises and Made in Italy" and "MIMIT" to mean the *Ministero delle Imprese e del Made in Italy* of the Republic of Italy (including its predecessor, the *Ministero dello Sviluppo Economico*) and any person who identified themselves to Plaintiffs, or can be identified from information readily available to Plaintiffs, as an employee, officer, minister, deputy minister, undersecretary, director, manager, or civil servant of the Italian Ministry of Enterprises and Made in Italy.

13. All of Plaintiffs' General Objections shall be deemed applicable to each of the Responses to the specific Interrogatories set forth below, even when not referred to in those Responses.

Confidential- Subject to Protective Order

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each instance in which You (including anyone acting on Your behalf) have communicated with any CW in connection with the First Amended Complaint, the Second Amended Complaint, or the alleged matters described therein, provide a description of the communication, including the date, identity of the individual, other parties to the communication, communication method, and the subject matter or topic.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, seeks irrelevant information that falls outside the scope of Rule 26 of the Federal Rules of Civil Procedure, and calls for information that is protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. Plaintiffs further object to this Interrogatory on the grounds that it contains at least 24 separate interrogatories that each should have been propounded separately, and that must be counted separately for purposes of the interrogatory limit, and because the information can more practically be obtained from taking depositions or utilizing other forms of discovery.

Subject to their General Objections and these specific objections, Plaintiffs state that they did not personally conduct the investigation into the claims raised in the First, Second or Third Amended Complaints, and consequently did not communicate with any CW. Instead, Plaintiffs retained experienced counsel to investigate Defendants' violations of the federal securities laws and to draft the First, Second and Third Amended Complaints. Plaintiffs are informed that any communication with any CW was between Plaintiffs' Counsel or investigators working under the direction of Plaintiffs' Counsel. Attempts to seek further information regarding Plaintiffs' Counsel's investigation are shielded from disclosure by the attorney work-product doctrine. *See Pirnik v. Fiat Chrysler Automobiles, N.V.*, No. 15-CV-7199 (JMF), 2018 WL 3677873, at *2 (S.D.N.Y. Aug. 2, 2018); *In re SLM Corp. Sec. Litig.*, No. 08 CIV. 1029 (WHP), 2011 WL 611854,

6

Confidential- Subject to Protective Order

at *1 (S.D.N.Y. Feb. 15, 2011); *United States ex rel. Integra Med Analytics LLC v. Laufer*, No. 17-CV-9424 (CS) (JCM), 2023 WL 4200865, at *2 (S.D.N.Y. June 27, 2023). As such, Plaintiffs will not respond further to this improper Interrogatory.

## INTERROGATORY NO. 2:

For each instance in which You (including anyone acting on Your behalf) have communicated with the ST Supervisory Board or any current or former member in connection with the First Amended Complaint, the Second Amended Complaint, or the alleged matters described therein, provide a description of the communication, including the date, identity of the individual, other parties to the communication, communication method, and the subject matter or topic.

## RESPONSE TO INTERROGATORY NO. 2:

Plaintiffs object to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, falls outside the scope of Rule 26 of the Federal Rules of Civil Procedure, violates Local Rule 33.3(a) and is not proportional to the needs of this case. Plaintiffs further object to the extent that "former member" is overbroad. Plaintiffs will not undertake the burden of identifying all former members of the ST Supervisory Board.

Plaintiffs further object to this Interrogatory on the grounds that it calls for information protected from disclosure by the attorney work-product doctrine, and the attorney-client privilege, and contains at least three separate interrogatories that each should have been propounded separately, and that must be counted separately for purposes of the interrogatory limits.

Subject to their General Objections and these specific objections, Plaintiffs respond that they did not personally conduct the investigation regarding the allegations raised in the First, Second, or Third Amended Complaint, and consequently did not communicate with anyone associated with the ST Supervisory Board. Instead, Plaintiffs retained experienced counsel to investigate Defendants' violations of the federal securities laws and to draft the First, Second and Third Amended Complaints.

Confidential- Subject to Protective Order

**INTERROGATORY NO. 3:**

For each instance in which You (including anyone acting on Your behalf) have communicated with the Italian Ministry of Economy and Finance in connection with the First Amended Complaint, the Second Amended Complaint, or the alleged matters described therein, provide a description of the communication, including the date, identity of the individual, other parties to the communication, communication method, and the subject matter or topic.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, falls outside the scope of Rule 26 of the Federal Rules of Civil Procedure, violates Local Rule 33.3(a) and is not proportional to the needs of this case. Plaintiffs further object to this Interrogatory on the grounds that it calls for information protected from disclosure by the attorney work-product doctrine, and the attorney-client privilege, and contains at least three separate interrogatories that each should have been propounded separately, and that must be counted separately for purposes of the interrogatory limits.

Subject to their General Objections and these specific objections, Plaintiffs respond that they did not personally conduct the investigation regarding the allegations raised in the First, Second, or Third Amended Complaint, and consequently did not communicate with anyone associated with the Italian Ministry of Economy and Finance. Instead, Plaintiffs retained experienced counsel to investigate Defendants' violations of the federal securities laws and to draft the First, Second and Third Amended Complaints.

**INTERROGATORY NO. 4:**

For each instance in which You (including anyone acting on Your behalf) have communicated with the Italian Ministry of Enterprises and Made in Italy in connection with the First Amended Complaint, the Second Amended Complaint, or the alleged matters described therein, provide a description of the communication, including the date, identity of the individual, other parties to the communication, communication method, and the subject matter or topic.

Confidential- Subject to Protective Order

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, falls outside the scope of Rule 26 of the Federal Rules of Civil Procedure, violates Local Rule 33.3(a) and is not proportional to the needs of this case. Plaintiffs further object to this Interrogatory on the grounds that it calls for information protected from disclosure by the attorney work-product doctrine, and the attorney-client privilege, and contains at least three separate interrogatories that each should have been propounded separately, and that must be counted separately for purposes of the interrogatory limits.

Subject to their General Objections and these specific objections, Plaintiffs respond that they did not personally conduct the investigation regarding the allegations raised in the First, Second, or Third Amended Complaint, and consequently did not communicate with anyone associated with the Italian Ministry of Enterprises and Made in Italy. Instead, Plaintiffs retained experienced counsel to investigate Defendants' violations of the federal securities laws and to draft the First, Second and Third Amended Complaints.

Dated: February 20, 2026                              **POMERANTZ LLP**

                                                    /s/ Brian P. O'Connell
                                                    Omar Jafri
                                                    Joshua B. Silverman
                                                    Brian P. O'Connell
                                                    Jianan (Adam) Jiang
                                                    10 South La Salle Street, Suite 3505
                                                    Chicago, Illinois 60603
                                                    Telephone: (312) 377-1181
                                                    Facsimile: (312) 377-1184
                                                    Email: ojafri@pomlaw.com
                                                            jbsilverman@pomlaw.com
                                                            boconnell@pomlaw.com
                                                            ajiang@pomlaw.com

Confidential- Subject to Protective Order

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
      ahood@pomlaw.com

*Lead Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com
      dglass@zlk.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax: 212-697-7296
Email: eitank@bgandg.com

*Additional Counsel for Plaintiffs*

10

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories was served on the below counsel of record via electronic mail, this 20th day of February, 2026.

/s/ Brian P. O'Connell
Brian P. O'Connell

**SULLIVAN & CROMWELL LLP**
Robert J. Giuffra Jr.
David M.J. Rein
Julia A. Malkina
125 Broad Street
New York, New York 10004
Phone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
reind@sullcrom.com
malkinaj@sullcrom.com

*Counsel for Defendants*
*STMicroelectronics N.V., Jean-Marc*
*Chery, and Lorenzo Grandi*

11