## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STMICROELECTRONICS N.V. SECURITIES LITIGATION | Case No.: 1:24-cv-06370-AKH |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Honorable Alvin K. Hellerstein |

## DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT

Robert J. Giuffra Jr.
David M.J. Rein
Julia A. Malkina
Alexandra Bodo
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
*giuffrar@sullcrom.com*
*reind@sullcrom.com*
*malkinaj@sullcrom.com*
*bodoa@sullcrom.com*

*Counsel for Defendants STMicroelectronics N.V., Jean-Marc Chery, and Lorenzo Grandi*

April 1, 2026

Defendants STMicroelectronics N.V. ("ST"),[*] Jean-Marc Chery, and Lorenzo Grandi (together, "Defendants"), by and through their undersigned counsel, respond to the Third Amended Complaint ("Complaint") filed by plaintiffs Hassan Ibrahim, Aya Zalat, Ferdinando Garbuglio, and Faith Close (together, "Plaintiffs") in the above-captioned action ("Action") as follows. Unless expressly admitted, all allegations in the Complaint (including all footnotes and headings) are denied.

The claims in the Complaint principally rely on allegations attributed to purported Confidential Witness 1 or "CW1," who Plaintiffs have confirmed is Marco Monti. Mr. Monti has signed a declaration, under penalty of perjury, rejecting the allegations attributed to him in the Complaint. (ECF No. 70.) After reviewing the "allegations attributed to me as the person identified as 'CW1' in the complaint," Mr. Monti declared that "[m]any were untrue and were statements that I never said or suggested …." (*Id.* ¶ 15.) Mr. Monti further averred that Plaintiffs' counsel "never asked me to review any draft of the complaint, including the allegations that they attributed to me. Had they done so, I would have told them that their allegations about me are untrue or inaccurate and that they should not use me as a 'confidential witness' in their lawsuit." (*Id.* ¶ 16.) Plaintiffs' counsel have since admitted in March 19, 2026 responses to Defendants' Requests for Admissions that Mr. Monti, as well as all other purported "confidential witnesses" ("CWs") alleged in the Complaint, were not provided with any opportunity by Plaintiffs to review the allegations attributed to them in the Complaint before Plaintiffs filed their pleading.

---

[*]    STMicroelectronics N.V. is the parent company and securities issuer. STMicroelectronics N.V. conducts its global business through STMicroelectronics International N.V. and also conducts its operations through service activities from its subsidiaries. This answer uses "ST" to refer to the parent and its subsidiaries.

Under Federal Rule of Civil Procedure 11(b), "[b]y presenting to the court a pleading … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …."  If "Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

Further, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which applies to this action, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint … or dispositive motion."  15 U.S.C. § 78u-4(c)(1).  "If the court makes a finding … that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint … or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure."  *Id*. § 78u-4(c)(2).

Plaintiffs' "confidential witness" allegations in their Complaint concerning CW1, allegations which Plaintiffs relied upon in opposing Defendants' dispositive motions, are false and lack evidentiary support.  Plaintiffs and their counsel failed to conduct a reasonable inquiry before presenting the false "confidential witness" allegations to the Court.  Accordingly, at the appropriate time, including pursuant to the mandatory sanctions review required by the PSLRA, Defendants intend to seek sanctions against Plaintiffs and their counsel under Rule 11 and the PSLRA.

**RESPONSES TO ALLEGATIONS**

1. Paragraph 1 sets forth Plaintiffs' description of their legal claims, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 1, except admit that Plaintiffs purport to bring this Action on behalf of all persons and entities that purchased or otherwise acquired ST common stock or sold put options for such stock on the New York Stock Exchange or another United States trading venue between March 14, 2023 and January 29, 2025 ("Class Period"). Defendants deny that this Action is properly maintained as a class action and deny that Plaintiffs are entitled to the relief they seek on behalf of themselves and other members of the putative class. Defendants further deny that Plaintiffs or any other individual or entity suffered any injury as a result of any action or conduct of Defendants.

2. Defendants deny the allegations contained in paragraph 2, except admit that ST manufactures semiconductor products for the automotive, industrial, personal electronics and communications equipment, and computers and peripherals markets.

3. Defendants deny the allegations contained in paragraph 3 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in paragraph 3 and that they are not accurate. (ECF No. 70 ¶¶ 26-35.) Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 regarding what the purported CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 3, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 3.

4.      Defendants deny the allegations contained in paragraph 4, except admit that the quoted language in paragraph 4 was included in public statements made by Mr. Chery in 2023 and that ST filed reports with the U.S. Securities and Exchange Commission ("SEC") that were signed by Messrs. Chery and Grandi.   Defendants further deny that the allegations contained in paragraph 4 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the transcripts and filings referenced in paragraph 4 for a complete and accurate statement of their contents.

5.      Defendants deny the allegations contained in paragraph 5, except admit that ST issued financial results on April 25, 2024.  Defendants further deny that the allegations contained in paragraph 5 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the announcement referenced in paragraph 5 for a complete and accurate statement of its contents.

6.      Defendants deny the allegations contained in paragraph 6, except admit that ST issued financial results on July 25, 2024.  Defendants further deny that the allegations contained in paragraph 6 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the announcement referenced in paragraph 6 for a complete and accurate statement of its contents.

7.      Defendants deny the allegations contained in paragraph 7, except admit that ST issued financial results on October 31, 2024.  Defendants further deny that the allegations contained in paragraph 7 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the announcement referenced in paragraph 7 for a complete and accurate statement of its contents.

8.      Defendants deny the allegations contained in paragraph 8.  Defendants further deny that the allegations contained in paragraph 8 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the transcript of the November 22, 2024 conference referenced in paragraph 8 for a complete and accurate statement of its contents.

9.       Defendants deny the allegations contained in paragraph 9, except admit that ST issued financial results on January 30, 2025 and that the quoted language in paragraph 9 was included in public statements made by Messrs. Chery and Grandi in 2025.  Defendants further deny that the allegations contained in paragraph 9 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the transcripts and filings referenced in paragraph 9 for a complete and accurate statement of their contents.

10.     Defendants deny the allegations contained in paragraph 10, except admit that ST's common stock price on the New York Stock Exchange closed at $24.74 on January 29, 2025 and $22.52 on January 30, 2025.

11.     Defendants deny the allegations contained in paragraph 11.

## JURISDICTION AND VENUE

12.     Paragraph 12 purports to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 12, except admit that Plaintiffs purport to assert claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

13.     Paragraph 13 purports to state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants admit that this Court has jurisdiction over the subject matter of this action.

14.     Paragraph 14 purports to state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants admit that venue is proper in this District, but deny that Defendants targeted any investors with any materially false or misleading statements during the proposed Class Period.

15.     Paragraph 15 purports to state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 15.

## PARTIES

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 regarding the alleged stock purchases and alleged put sales by Plaintiffs.  Defendants otherwise deny the allegations contained in paragraph 16, except admit that Plaintiffs submitted signed certifications.

17.     Defendants admit that ST is organized under the laws of The Netherlands, has its corporate seat in The Netherlands, and is managed through its wholly owned subsidiary, STMicroelectronics International N.V., which is headquartered in Switzerland.  Defendants further admit that ST's common stock trades on the New York Stock Exchange, Euronext Paris, and the Borsa Italiana.  Defendants further admit that ST's common stock trades on the New York Stock Exchange under the ticker symbol "STM."  Defendants otherwise deny the allegations contained in paragraph 17.

18.     Defendants admit that Mr. Chery served as ST's Chief Executive Officer and President and as a Member of ST's Managing Board during the proposed Class Period.  Defendants deny the remaining allegations contained in paragraph 18.

19.     Defendants admit that Mr. Grandi served as ST's Chief Financial Officer and President of Finance, Purchasing, Enterprise Risk Management, and Resilience during the proposed Class Period.  Defendants deny the remaining allegations contained in paragraph 19.

20.     Paragraph 20 sets forth Plaintiffs' definition of "Individual Defendants" and "Defendants," to which no response is required.

21.     Paragraph 21 purports to state legal conclusions, including assertions regarding control, knowledge, and liability, as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 21, except admit that Messrs. Chery and Grandi participated in earnings calls and signed certain of ST's SEC filings during the proposed Class Period.

## SUBSTANTIVE ALLEGATIONS

22.     Defendants admit the allegations contained in paragraph 22.

23.     Defendants admit that semiconductors, also called chips, are integrated circuits used in certain electronic devices in sectors such as healthcare, communications, consumer electronics, and transportation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 estimating the size or projected growth of the global semiconductor market.

24.     Defendants admit the allegations contained in paragraph 24 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

25.     Defendants admit the allegations contained in paragraph 25 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

26.     Defendants admit the allegations contained in paragraph 26, except deny that the Automotive end market drives ST's revenue, and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

27.     Defendants admit the allegations contained in paragraph 27, except deny the allegations that AMS provided driver monitoring devices, deny the allegations regarding how "most" revenue was generated, and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.  Defendants further aver that ST operated three product groups, which were the Automotive & Discrete Group, the Analog, MEMS & Sensors Group, and the Microcontrollers & Digital ICs Group, from 2016 until the end of Fiscal Year 2023.

28.     Defendants admit that ST's Microcontrollers & Digital ICs Group offers various products associated with the STM32 microcontroller ecosystem.  Defendants otherwise deny the allegations contained in paragraph 28 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

29.     Defendants admit the allegations contained in paragraph 29.

30.     Defendants deny the allegations contained in paragraph 30 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that "I did not make this statement, or a similar statement" and that "[t]his statement in paragraph 30 is not accurate."  (ECF No. 70  ¶¶ 37-38.)  Defendants further deny the allegations contained in paragraph 30 and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of ST's business.

31.     Defendants deny the allegations contained in paragraph 31, except admit that semiconductor demand declined at the start of the COVID-19 pandemic and later rebounded, that

electric vehicles use more semiconductors than non-electric vehicles, and that ST's revenues were $10.2 billion in fiscal year 2020, $12.8 billion in fiscal year 2021, and $16.1 billion in fiscal year 2022. Defendants respectfully refer the Court to ST's Form 6-K, filed with the SEC on May 12, 2022, for a complete and accurate statement of ST's fiscal year 2027 revenue ambitions and associated forward-looking statement warnings.

32.     Defendants admit that in 2022, ST signed multi-annual capacity reservation and volume commitment arrangements with certain customers and respectfully refer the Court to ST's 2022 Form 20-F, filed with the SEC on February 23, 2023, for a complete and accurate statement of those arrangements. Defendants further admit that Mr. Chery made public statements regarding the conclusion of certain of those arrangements and respectfully refer the Court to the full statements by Mr. Chery for a complete and accurate statement of their contents. Defendants otherwise deny the allegations contained in paragraph 32.

33.     Defendants admit that ST announced its second quarter 2023 earnings on July 27, 2023, and that in announcing those earnings, ST indicated fiscal year 2023 revenue of $17.4 billion, plus or minus $150 million. Defendants respectfully refer the Court to ST's second quarter 2023 earnings release, dated July 27, 2023, and the transcript of ST's second quarter 2023 earnings call for a complete and accurate statement of their contents. Defendants further admit that ST announced its third quarter 2023 earnings on October 26, 2023 and that in announcing those earnings, ST indicated fiscal year 2023 revenue of approximately $17.3 billion. Defendants respectfully refer the Court to ST's third quarter 2023 earnings release, dated October 26, 2023, and the transcript of ST's third quarter 2023 earnings call for a complete and accurate statement of their contents. Defendants further admit that certain industry sources reported that global semiconductor sales declined in 2023. Defendants lack knowledge or information sufficient to

9

form a belief as to the truth of the allegations contained in paragraph 33 regarding statements or actions attributed to Nordic Semiconductor ASA or Samsung Electronics Co., Ltd.  Defendants otherwise deny the allegations contained in paragraph 33.

34.    Defendants admit that ST held an earnings call on October 26, 2023, deny that the allegations contained in paragraph 34 completely and accurately reflect the statements made on that call, and respectfully refer the Court to the transcript of the October 26, 2023 earnings call for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations contained in paragraph 34.

35.    Defendants admit that the Semiconductor Industry Association website page, dated November 1, 2023 and cited in the Complaint, states that global semiconductor sales for the month of September 2023 fell 4.5% compared to September 2022 and respectfully refer the Court to that website page for a complete and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 regarding the statements or actions attributed to NXP Semiconductors N.V.  Defendants otherwise deny the allegations contained in paragraph 35.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 regarding statements or actions attributed to Mobileye Technologies Ltd.  Defendants otherwise deny the allegations contained in paragraph 36, except admit that ST's stock price on the New York Stock Exchange closed at $46.99 on January 3, 2024 and $44.90 on January 4, 2024.

37.    Defendants deny the allegations contained in paragraph 37, except admit that ST reported fiscal year 2023 revenue of approximately $17.3 billion, including ADG revenue of approximately $7.8 billion, and respectfully refer the Court to ST's Form 20-F, filed with the SEC

on February 22, 2024, for a complete and accurate statement of ST's fiscal year 2023 financial performance.  Defendants otherwise deny the allegations contained in paragraph 37.

38.     Defendants admit that ST's Annual Report for Fiscal Year 2023 on Form 20-F ("2023 Form 20-F"), filed with the SEC on February 22, 2024, identifies nine members of ST's Executive Committee, including Messrs. Chery, Grandi, and Monti, and uses "Senior Management" to refer to members of the Executive Committee.  Defendants further admit that Marco Monti (purported CW1) was the President of ST's ADG Group from 2012 through the end of 2023.  Defendants respectfully refer the Court to ST's 2023 Form 20-F, filed with the SEC on February 22, 2024, for a complete and accurate statement of its contents.

39.     Defendants admit that Marco Monti (purported CW1) was an employee of ST for nearly 40 years and reported to Defendant Chery during the proposed Class Period until leaving ST on January 10, 2024.  Defendants further admit that Mr. Monti served as President of ST's ADG Group and was on ST's Executive Committee and, in those capacities, generally had knowledge of certain order and demand information at ST.

40.     Because Plaintiffs have admitted that none of the purported CWs, including Marco Monti (purported CW1), reviewed the allegations Plaintiffs attributed to them in paragraph 40, or any other part of the Complaint, before Plaintiffs filed the Complaint, Defendants deny the allegations in paragraph 40 of the Complaint attributed to Mr. Monti.  Defendants otherwise deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that "I did not make this statement, or a similar statement" and that "[t]he statements in

11

paragraph 41 are not accurate."  (ECF No. 70  ¶¶ 40-41, 47.)  Defendants otherwise deny the allegations contained in paragraph 41.

42.    Defendants deny the allegations contained in paragraph 42 and footnote 6 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that "I did not make this statement, or a similar statement."  (ECF No. 70  ¶¶ 50, 54, 57.)  Mr. Monti has further stated that "[t]his statement in paragraph 42 does not accurately describe ST's knowledge of, or visibility into, customer inventory levels."  (*Id.* ¶ 51.)  Mr. Monti declared that "paragraph 42 is not accurate," averring that "I do not believe that ST inflated sales or 'stuff[ed] the Company's distribution channels.'  I also do not believe that ST took any steps to 'conceal' a 'decline in demand.'  Nor do I believe that ST 'created a bubble' or portrayed 'the false appearance of better financial performance during 2023.'"  (*Id.* ¶ 58.)  Defendants otherwise deny the allegations contained in paragraph 42 and footnote 6.

43.    Defendants deny the allegations contained in paragraph 43 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.)  Mr. Monti averred that "I do not believe that ST inflated sales or 'stuff[ed] the Company's distribution channels.'"  (*Id.* ¶ 58.)  Defendants otherwise deny the allegations contained in paragraph 43.

44.    Defendants deny the allegations contained in paragraph 44 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that "I did not make this statement, or a similar statement."  (ECF No. 70 ¶¶ 60, 63.)  Mr. Monti has further stated that "paragraph 44 is not accurate," averring that he is "not aware that ST provided any sales incentives, or took any other steps, 'to hide declining financial performance in

12

2023'" and that "I do not believe that Mr. Chery or anyone at ST 'hid' any known downward trend in demand." (*Id.* ¶¶ 61, 64.) Defendants otherwise deny the allegations contained in paragraph 44, except admit that ST tracks certain operating metrics, including certain sales and shipment data, in the ordinary course of business.

45.     Defendants deny the allegations contained in paragraph 45 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that "I did not make this statement, or a similar statement." (ECF No. 70 ¶ 66.)  Mr. Monti has further stated that "Paragraph 45 is not accurate," averring that "I did not 'object[] to STM's artificial financing reporting, channel stuffing scheme, and sales tactics designed to conceal the Company's true exposure to a decline in demand.'  In fact, I do not believe that ST engaged in that conduct during my time at the Company.  I do not know the reasons for my dismissal from the Company, but I do not believe that it was for that reason." (*Id.* ¶ 67.)  Defendants otherwise deny the allegations contained in paragraph 45.

46.     Defendants deny the allegations contained in paragraph 46 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.)  Mr. Monti averred that "I do not believe that ST inflated sales or 'stuff[ed] the Company's distribution channels.'"  (*Id.* ¶ 58.)  Defendants otherwise deny the allegations contained in paragraph 46, except respectfully refer the Court to the article *Detection of Channel Stuffing*, dated May 10, 2011 and cited in the Complaint, for a complete and accurate statement of its contents.

47.     Defendants deny the allegations contained in paragraph 47 and the first sentence of footnote 8 and respectfully refer the Court to ST's Form 6-K, filed with the SEC on October 31, 2024, for a complete and accurate statement of ST's third quarter 2024 financial performance.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of footnote 8.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 regarding what CW2 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 48, or any other part of the Complaint, before Plaintiffs filed the Complaint.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 regarding what CW2 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 49, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 49.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 regarding what CW3 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 50, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 regarding what CW3 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 51, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 regarding what CW3 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 52, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 regarding what CW4 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 53, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 regarding what CW5 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 54, or any other part of the Complaint, before Plaintiffs filed the Complaint.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 regarding what CW5 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 55, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 regarding what CW5 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations

Plaintiffs attributed to them in paragraph 56, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 regarding what CW5 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 57, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 regarding what CW6 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 58, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 regarding what CW7 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 59, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 regarding what the unidentified former employees might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in the Complaint before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 60.

16

61.     Defendants deny the allegations contained in paragraph 61, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 14, 2023 Citi TMT Conference for a complete and accurate statement of its contents.

62.     Defendants deny the allegations contained in paragraph 62 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 62, or any other part of the Complaint, before Plaintiffs filed the Complaint.    Defendants otherwise deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's April 27, 2023 earnings call for a complete and accurate statement of its contents.

64.     Defendants deny the allegations contained in paragraph 64 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the

allegations Plaintiffs attributed to them in paragraph 64, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the June 6, 2023 Exane BNP Paribas 25th European CEO Conference for a complete and accurate statement of its contents.

66. Defendants deny the allegations contained in paragraph 66 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 66, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the June 6, 2023 Exane BNP Paribas 25th European CEO Conference for a complete and accurate statement of its contents.

68. Defendants deny the allegations contained in paragraph 68 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.)

18

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 68, or any other part of the Complaint, before Plaintiffs filed the Complaint.   Defendants otherwise deny the allegations contained in paragraph 68.

69.   Defendants deny the allegations contained in paragraph 69, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the September 6, 2023 Citi Global Technology Conference for a complete and accurate statement of its contents.

70.   Defendants deny the allegations contained in paragraph 70 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 70, or any other part of the Complaint, before Plaintiffs filed the Complaint.   Defendants otherwise deny the allegations contained in paragraph 70.

71.   Defendants deny the allegations contained in paragraph 71, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's October 26, 2023 earnings call for a complete and accurate statement of its contents.

72.     Defendants deny the allegations contained in paragraph 72 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 72, or any other part of the Complaint, before Plaintiffs filed the Complaint.   Defendants otherwise deny the allegations contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's October 26, 2023 earnings call for a complete and accurate statement of its contents.

74.     Defendants deny the allegations contained in paragraph 74 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 74, or any other part of the Complaint, before Plaintiffs filed the Complaint.   Defendants otherwise deny the allegations contained in paragraph 74.

75.     Defendants admit that ST announced its financial results for fiscal year 2023 on January 25, 2024 and that the quoted language in paragraph 75 was included in ST's January 25, 2024 earnings release, but deny that the allegations contained in paragraph 75 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to ST's January 25, 2024 earnings release for a complete and accurate statement of its contents.

76.     Defendants deny the allegations contained in paragraph 76 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 76, or any other part of the Complaint, before Plaintiffs filed the Complaint.   Defendants otherwise deny the allegations contained in paragraph 76.

77.     Defendants deny the allegations contained in paragraph 77, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's January 25, 2024 earnings call for a complete and accurate statement of its contents.

78.     Defendants deny the allegations contained in paragraph 78 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 regarding what the other CWs might have reported to

21

Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 78, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's January 25, 2024 earnings call for a complete and accurate statement of its contents.

80.     Defendants deny the allegations contained in paragraph 80 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 80, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 80.

81.     Defendants admit that ST filed its 2023 Form 20-F on February 22, 2024 and that Mr. Chery signed the 2023 Form 20-F.  Defendants further admit that the quoted language in paragraph 81 (excluding Plaintiffs' alteration) was included in the 2023 Form 20-F, but deny that the allegations contained in paragraph 81 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

82.     Defendants admit that the quoted language in paragraph 82 (excluding Plaintiffs' alterations) was included in an exhibit to the 2023 Form 20-F, but deny that the allegations contained in paragraph 82 completely and accurately reflect the statements referenced therein and respectfully refer the Court to the 2023 Form 20-F and its exhibits for a complete and accurate statement of their contents.

83.     Defendants deny the allegations contained in paragraph 83, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

84.     Defendants deny the allegations contained in paragraph 84.

85.     Defendants deny the allegations contained in paragraph 85, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

88.     Defendants deny the allegations contained in paragraph 88.

89.     Defendants deny the allegations contained in paragraph 89, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the 2023 Form 20-F for a complete and accurate statement of its contents.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants deny the allegations contained in paragraph 91, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully

refer the Court to the transcript of the March 12, 2024 Citi TMT conference for a complete and accurate statement of its contents.

92.    Defendants deny the allegations contained in paragraph 92 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 92, or any other part of the Complaint, before Plaintiffs filed the Complaint.    Defendants otherwise deny the allegations contained in paragraph 92.

93.    Defendants deny the allegations contained in paragraph 93, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 12, 2024 Citi TMT conference for a complete and accurate statement of its contents.

94.    Defendants deny the allegations contained in paragraph 94 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 94, or any other part of the Complaint, before

24

Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 94.

95. Defendants deny the allegations contained in paragraph 95, except admit that ST held its first quarter 2024 earnings call on April 25, 2024. Defendants further deny that the allegations contained in paragraph 95 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's April 25, 2024 earnings call for a complete and accurate statement of its contents.

96. Defendants deny the allegations contained in paragraph 96 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 96, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 96.

97. Defendants admit that ST held its second quarter 2024 earnings call on July 25, 2024 and that the quoted language in paragraph 97 was included in statements made on the July 25, 2024 earnings call, but deny that the allegations contained in paragraph 97 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's July 25, 2024 earnings call for a complete and accurate statement of its contents.

98. Defendants deny the allegations contained in paragraph 98 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury

25

that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 98, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 98.

99.    Defendants admit that ST announced its financial results for the third quarter of 2024 on October 31, 2024 and that the quoted language in paragraph 99 was included in ST's October 31, 2024 earnings release.  Defendants admit that ST filed its Annual Report for Fiscal Year 2023 on Form 20-F on February 22, 2024.  Defendants further admit that the earnings release referenced in paragraph 99 referred to risk factors set forth in the 2023 Form 20-F.  Defendants otherwise deny the allegations contained in paragraph 99, deny that the allegations contained in paragraph 99 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the October 31, 2024 earnings release and the 2023 Form 20-F for a complete and accurate statement of their contents.

100.    Defendants admit that the earnings release referenced in paragraph 100 referred to risk factors set forth in ST's 2023 Form 20-F.  Defendants otherwise deny the allegations contained in paragraph 100, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the October 31, 2024 earnings release and 2023 Form 20-F for a complete and accurate statement of their contents.

101.    Defendants admit that ST issued its operating and financial review and prospects on Form 6-K on November 7, 2024, and that the quoted language in paragraph 101 was included

in ST's November 7, 2024 operating and financial review and prospects. Defendants admit that ST filed its Annual Report for Fiscal Year 2023 on Form 20-F on February 22, 2024. Defendants further admit that the operating and financial review and prospects referenced in paragraph 101 referred to risk factors set forth in the 2023 Form 20-F. Defendants otherwise deny the allegations contained in paragraph 101, deny that the allegations contained in paragraph 101 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the November 7, 2024 Form 6-K and the 2023 Form 20-F for a complete and accurate statement of their contents.

102.    Defendants admit that ST's operating and financial review and prospects referenced in paragraph 102 referred to risk factors set forth in ST's 2023 Form 20-F. Defendants otherwise deny the allegations contained in paragraph 102, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the November 7, 2024 Form 6-K and 2023 Form 20-F for a complete and accurate statement of their contents.

103.    Defendants deny the allegations contained in paragraph 103, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the November 22, 2024 Morgan Stanley European TMT Conference for a complete and accurate statement of its contents.

104.    Defendants deny the allegations contained in paragraph 104 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint. (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 regarding what the other CWs might have reported to

Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 104, or any other part of the Complaint, before Plaintiffs filed the Complaint.    Defendants otherwise deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the November 22, 2024 Morgan Stanley European TMT Conference for a complete and accurate statement of its contents.

106.    Defendants deny the allegations contained in paragraph 106 attributed to Marco Monti (purported CW1), who has expressly stated in a declaration made under penalty of perjury that he did not make the allegations attributed to him by Plaintiffs in the Complaint.  (ECF No. 70.) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 regarding what the other CWs might have reported to Plaintiffs, except aver that Plaintiffs have admitted that none of the purported CWs reviewed the allegations Plaintiffs attributed to them in paragraph 106, or any other part of the Complaint, before Plaintiffs filed the Complaint.  Defendants otherwise deny the allegations contained in paragraph 106.

107.    Defendants deny the allegations contained in paragraph 107, except admit that ST announced first quarter 2024 earnings on April 25, 2024 and that in that earnings release, ST indicated revenue for fiscal year 2024 in the range of $14 to $15 billion.  Defendants respectfully refer the Court to ST's April 25, 2024 earnings release for a complete and accurate statement of its contents.

108.    Defendants deny the allegations contained in paragraph 108, except admit that ST's common stock price on the New York Stock Exchange closed at $42.60 on April 25, 2024, $41.33 on April 26, 2024, $41.18 on April 29, 2024, and $39.56 on April 30, 2024.

109.    Defendants deny the allegations contained in paragraph 109, except admit that ST announced second quarter 2024 earnings on July 25, 2024, and that in that earnings release, ST indicated revenue for fiscal year 2024 in the range of $13.2 billion to $13.7 billion.  Defendants respectfully refer the Court to ST's July 25, 2024 earnings release for a complete and accurate statement of its contents.

110.    Defendants deny the allegations contained in paragraph 110, except admit that ST's common stock price on the New York Stock Exchange closed at $39.54 on July 24, 2024 and $33.47 on July 25, 2024.

111.    Defendants admit that TD Cowen published a report on July 25, 2024 that included the language quoted in sentence one of paragraph 111 (excluding Plaintiffs' alterations), that Morgan Stanley published a report on July 26, 2024 that included the language quoted in sentence two of paragraph 111 (excluding Plaintiffs' alteration), and that Jeffries published a report on July 26, 2024 that included the language quoted in sentence three of paragraph 111 (excluding Plaintiffs' alterations).   Defendants deny that the allegations contained in paragraph 111 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the July 25, 2024 TD Cowen report, the July 26, 2024 Morgan Stanley report, and the July 26, 2024 Jeffries report for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations contained in paragraph 111.

112.    Defendants admit that ST announced third quarter 2024 earnings on October 31, 2024 and that in that earnings release, ST indicated revenue for fiscal year 2024 of approximately

29

$13.27 billion.  Defendants respectfully refer the Court to ST's October 31, 2024 earnings release for a complete and accurate statement of its contents.  Defendants further admit that Morgan Stanley published a report on October 31, 2024 that included the language quoted in sentence three of paragraph 112 (excluding Plaintiffs' alterations) and that TD Cowen published a report on October 31, 2024 that included the language quoted in sentence four of paragraph 112 (excluding Plaintiffs' alteration).  Defendants deny that the allegations contained in paragraph 112 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the October 31, 2024 Morgan Stanley report and the October 31, 2024 TD Cowen report for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations contained in paragraph 112.

113.    Defendants deny the allegations contained in paragraph 113, except admit that ST's common stock price on the New York Stock Exchange closed at $27.55 on October 30, 2024, $27.14 on October 31, 2024, $26.67 on November 1, 2024, and $25.96 on November 4, 2024.

114.    Defendants admit that ST announced its financial results for fiscal year 2024 on January 30, 2025, and that the quoted language in paragraph 114 was included in ST's January 30, 2025 earnings release, but deny that the allegations contained in paragraph 114 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to ST's January 30, 2025 earnings release for a complete and accurate statement of its contents.

115.    Defendants admit that ST held an earnings call on January 30, 2025, deny that the allegations contained in paragraph 115 completely and accurately reflect the statements made on that call, and respectfully refer the Court to the transcript of the January 30, 2025 earnings call for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations contained in paragraph 115.

116.    Defendants deny the allegations contained in paragraph 116, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's January 30, 2025 earnings call for a complete and accurate statement of its contents.

117.    Defendants deny the allegations contained in paragraph 117, further deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's January 30, 2025 earnings call for a complete and accurate statement of its contents.

118.    Defendants admit that Goldman Sachs published a report on January 30, 2025 that included the language quoted in sentences one and two of paragraph 118 (excluding Plaintiffs' alterations), that Morgan Stanley published a report on January 30, 2025 that included the language quoted in sentence three of paragraph 118, and that UBS published a report on January 30, 2025 that included the language quoted in sentence four of paragraph 118 (excluding Plaintiffs' alterations).  Defendants deny that the allegations contained in paragraph 118 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the January 30, 2025 Goldman Sachs report, the January 30, 2025 Morgan Stanley report, and the January 30, 2025 UBS report for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations contained in paragraph 118.

119.    Defendants deny the allegations contained in paragraph 119, except admit that ST's common stock price on the New York Stock Exchange closed at $24.74 on January 29, 2025 and $22.52 on January 30, 2025.

120.    Defendants deny the allegations contained in paragraph 120, except admit that ST held its second quarter 2024 earnings call on July 25, 2024 and that ST held an investor conference

31

on November 20, 2024.  Defendants further deny that the allegations contained in paragraph 120 completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's July 25, 2024 earnings call and the transcript of ST's November 20, 2024 investor conference for a complete and accurate statement of their contents.

121.    Defendants deny the allegations contained in paragraph 121 and footnote 9, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the March 14, 2023 Citi TMT Conference for a complete and accurate statement of its contents.

122.    Defendants deny the allegations contained in paragraph 122, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of ST's April 27, 2023 earnings call for a complete and accurate statement of its contents.

123.    Defendants deny the allegations contained in paragraph 123, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to the transcript of the September 6, 2023 Global Technology Conference for a complete and accurate statement of its contents.

124.    Defendants deny the allegations contained in paragraph 124, deny that those allegations completely and accurately reflect the statement referenced therein, and respectfully refer the Court to the transcript of ST's April 25, 2024 earnings call for a complete and accurate statement of its contents.

125.    Defendants deny the allegations contained in paragraph 125.

126.    Defendants deny the allegations contained in paragraph 126, except admit that ST derives substantial revenue from selling semiconductors and that a portion of that revenue comes from the Automotive and Industrial end markets.

127.    Defendants deny the allegations in paragraph 127 and footnote 10, except admit that Messrs. Chery and Grandi sold ST common stock both before and during the proposed Class Period and aver that those sales were routine stock sales by corporate executives, including automatic sales to cover taxes, rather than unusual insider trading activity, and that those sales complied with ST's insider trading policy.

128.    Defendants deny the allegations contained in paragraph 128, except admit that Mr. Chery's previous three-year term as Chairman of ST's Managing Board expired at the end of 2024, and aver that his reappointment for another three-year term was approved at ST's 2024 Annual General Meeting of Shareholders.

129.    The first sentence of paragraph 129 purports to state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in the first sentence of paragraph 129.  Defendants otherwise deny the allegations contained in paragraph 129, deny that those allegations completely and accurately reflect the statements referenced therein, and respectfully refer the Court to ST's Form 20-F, filed with the SEC on February 27, 2025, for a complete and accurate statement of its contents.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 regarding what CW8 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that purported CW8 did not review the allegations Plaintiffs attributed to CW8 in paragraph 130, or any other part of the Complaint,

33

before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 130.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 regarding what CW8 might have reported to Plaintiffs, except aver that Plaintiffs have admitted that purported CW8 did not review the allegations Plaintiffs attributed to CW8 in paragraph 131, or any other part of the Complaint, before Plaintiffs filed the Complaint. Defendants otherwise deny the allegations contained in paragraph 131, except admit that Mr. Chery's previous three-year term as Chairman of ST's Managing Board expired at the end of 2024 and that ST's Supervisory Board proposed his appointment to another three-year term as Chairman of ST's Managing Board in March 2024. Defendants respectfully refer the Court to the article *Italy Drops Opposition to STMicro CEO, Settling Spat with France*, dated March 23, 2024 and cited in the Complaint, for a complete and accurate statement of its contents.

132. Defendants deny the allegations contained in paragraph 132, except admit that Mr. Chery's appointment for another three-year term as Chairman of ST's Managing Board was approved at ST's 2024 Annual General Meeting of Shareholders on May 22, 2024.

133. Defendants admit that Maurizio Tamagnini resigned from ST's Supervisory Board on March 19, 2025, and admit that on April 9, 2025, it was reported that Mr. Chery sold ST shares between January 25, 2024 and July 24, 2024. Defendants otherwise deny the allegations contained in paragraph 133, and respectfully refer the Court to the article *Italy Says It Opposes the CEO of STMicro*, dated April 9, 2025 and cited in the Complaint, for a complete and accurate statement of its contents.

134.    Paragraph 134 sets forth Plaintiffs' description of their legal claims as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 134.

135.    Paragraph 135 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 135, except admit that ST had 903,865,763 common shares outstanding across the exchanges that it is listed on as of December 31, 2022.

136.    Paragraph 136 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 136.

137.    Paragraph 137 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 137.

138.    Paragraph 138 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 138.

139.    Paragraph 139 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 139.

140.    Paragraph 140 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 140.

141.   Paragraph 141 purports to state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 141.

142.   Paragraph 142 purports to state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 142.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

143.   Paragraph 143 does not require a response because it merely incorporates the prior allegations in the Complaint without setting forth any specific allegation to either admit or deny. To the extent that a response is required, Defendants repeat their responses to the prior allegations in the Complaint as if set forth in full herein.

144.   Paragraph 144 sets forth Plaintiffs' description of their legal claims as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 144.

145.   Defendants deny the allegations contained in paragraph 145.

146.   Defendants deny the allegations contained in paragraph 146.

147.   Defendants deny the allegations contained in paragraph 147.

148.   Defendants deny the allegations contained in paragraph 148.

149.   Defendants deny the allegations contained in paragraph 149.

150.   Defendants deny the allegations contained in paragraph 150.

151.   Defendants deny the allegations contained in paragraph 151.

152.   Defendants deny the allegations contained in paragraph 152.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

153.    Paragraph 153 does not require a response because it merely incorporates the prior allegations in the Complaint without setting forth any specific allegation to either admit or deny. To the extent that a response is required, Defendants repeat their responses to the prior allegations in the Complaint as if set forth in full herein.

154.    Defendants deny the allegations contained in paragraph 154.

155.    Paragraph 155 purports to state legal conclusions as to which no response is required.

156.    Paragraph 156 purports to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 156.

157.    Paragraph 157 purports to state legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 157.

158.    Defendants deny the allegations contained in paragraph 158.

## PRAYER FOR RELIEF

The paragraph entitled "Prayer for Relief" states Plaintiffs' requests for relief and therefore no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

The paragraph entitled "Demand for Trial by Jury" states Plaintiffs' demand for a trial by jury and therefore no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the trial requested or any trial whatsoever.

37

**DEFENSES**

Defendants state the following defenses and reserve their rights to assert other and additional defenses of which they may become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs.

**FIRST DEFENSE**

The Complaint has failed to state a claim for which relief can be granted against Defendants.

**SECOND DEFENSE**

The Complaint fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the PSLRA, 15 U.S.C. § 78u-4.

**THIRD DEFENSE**

The Complaint fails to plead that the alleged statements at issue were materially false or misleading, and neither Plaintiffs nor the putative class can prove that the alleged statements at issue were materially false or misleading.

**FOURTH DEFENSE**

The Complaint fails to plead that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor, and neither Plaintiffs nor the putative class can prove that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor.

**FIFTH DEFENSE**

The Complaint fails to plead that Defendants owed or breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted from the statements at issue, and

38

neither Plaintiffs nor the putative class can prove that Defendants owed or breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted from the statements at issue.

## SIXTH DEFENSE

The claims of Plaintiffs and the putative class are barred to the extent that they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws.

## SEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the PSLRA's statutory safe harbor. *See* 15 U.S.C. § 78u-5(c). The alleged misstatements and omissions are forward-looking, were accompanied by sufficient cautionary language, and were not made with actual knowledge that they were false or misleading.

## EIGHTH DEFENSE

The claims of Plaintiffs and the putative class that are predicated on statements of opinion or belief fail because neither Plaintiffs nor the putative class can prove that those non-actionable statements were objectively false when made and that any such statement misrepresented the speaker's subjective opinion or belief.

## NINTH DEFENSE

The Complaint fails to plead loss causation, and neither Plaintiffs nor the putative class can prove loss causation. None of the matters referred to in the Complaint caused Plaintiffs or any putative class member to incur any economic harm, damages, or loss.

## TENTH DEFENSE

The Complaint fails to plead transaction causation, and neither Plaintiffs nor the putative class can prove transaction causation.

## ELEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because any damage, loss, or injury was caused or contributed to by market conditions and/or the conduct of others, rather than any conduct of Defendants. As such, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other causes.

## TWELFTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because there is no causal relationship between the alleged misstatements or omissions and the purchases of the securities at issue, and the purchases were not effected by means of the alleged misstatements or omissions.

## THIRTEENTH DEFENSE

The claims of Plaintiffs and the putative class are barred to the extent that they rest on allegations of breach of fiduciary duty or mismanagement that are not actionable under the federal securities laws.

## FOURTEENTH DEFENSE

The Complaint fails to plead scienter with the requisite particularity, and neither Plaintiffs nor the putative class can prove scienter.

## FIFTEENTH DEFENSE

Defendants did not intentionally or recklessly mislead, make any misrepresentation, or fail to disclose any fact or circumstance that they were obligated to disclose.

40

**SIXTEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and putative class members had knowledge of the alleged untruths or omissions at the time they acquired the securities in question.

**SEVENTEENTH DEFENSE**

If and to the extent the statements at issue are found to have been false or misleading (which Defendants deny), the actual facts alleged to have been misstated or omitted were in fact known to or entered the securities market through credible sources. Plaintiffs and the putative class are not entitled to any recovery because the substance of the allegedly material information that was allegedly misstated or omitted was in fact publicly available and/or widely known to the market and the investing community.

**EIGHTEENTH DEFENSE**

Plaintiffs and the putative class did not reasonably rely on any allegedly false or misleading statement of material fact when they purchased ST shares, and the "fraud-on-the-market" presumption of reliance is unavailable in this Action. Without limiting the generality of the foregoing, the "fraud-on-the-market" presumption of reliance is unavailable in this Action because, among other reasons, any allegedly false or misleading statement of material fact and/or any alleged omissions of material fact had no impact on the price of the securities at issue.

**NINETEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and putative class members purchased the securities at issue with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their securities would decline if those risks materialized, and any alleged losses were caused by those risks coming to

fruition.

## TWENTIETH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and the putative class would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

## TWENTY-FIRST DEFENSE

Defendants acted with reasonable and due care and in good faith at all times, and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

## TWENTY-SECOND DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and putative class members purchased the securities at issue with knowledge of the risks involved and assumed those risks, and any alleged losses were caused by those risks coming to fruition.

## TWENTY-THIRD DEFENSE

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## TWENTY-FOURTH DEFENSE

Plaintiffs lack standing to assert their claims or claims on behalf of the putative class.

## TWENTY-FIFTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## TWENTY-SIXTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by Defendants' cautionary language and the bespeaks caution doctrine.

## TWENTY-SEVENTH DEFENSE

The Section 20(a) claim is barred because there is no underlying fraud violation under Section 10(b), and thus the Individual Defendants cannot be held liable as control persons under Section 20(a).

## TWENTY-EIGHTH DEFENSE

The Section 20(a) claim is barred because the Individual Defendants did not control the making of the challenged statements.

## TWENTY-NINTH DEFENSE

On information and belief, Plaintiffs and putative class members failed to take action that was reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and the claims of Plaintiffs and the putative class are barred to the extent of such failure to mitigate.

## THIRTIETH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

## THIRTY-FIRST DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to them.

## THIRTY-SECOND DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because they seek recoveries not available under the federal securities laws.

## THIRTY-THIRD DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Defendants acted with reasonable care.  After reasonable and diligent investigation, Defendants had reasonable grounds to believe, and did believe, the alleged misstatements at issue were true and omitted no material fact necessary to make those statements not misleading.

## THIRTY-FOURTH DEFENSE

Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs or putative class members.

## THIRTY-FIFTH DEFENSE

Plaintiffs and putative class members are not entitled to attorney's fees or expert fees as a matter of law.

At this time, the Complaint does not describe the claims made against Defendants with sufficient particularity to allow Defendants to determine all their defenses, and Defendants therefore lack sufficient knowledge to form a belief as to the existence and availability of additional defenses.  Defendants reserve their rights to assert additional defenses, cross-claims, and third-party claims as they discover them through discovery or other investigation.  Defendants hereby give notice that they intend to rely upon such other and further defenses.  In all instances, Defendants reserve the right to amend and/or supplement any and all defenses set forth herein.

## SANCTIONS NOTIFICATION

Plaintiffs' "confidential witness" allegations in their Complaint concerning CW1, or Marco Monti, which Plaintiffs principally relied upon in opposing Defendants' dispositive motions, are false and lack evidentiary support. Plaintiffs and their counsel failed to conduct a reasonable inquiry before presenting their false "confidential witness" allegations to the Court. Defendants reserve all rights to bring forth similar allegations relating to other "confidential witnesses" cited by Plaintiffs.

Defendants notify Plaintiffs and the Court that they intend to seek sanctions against Plaintiffs and their counsel under Rule 11 and the PSLRA, including pursuant to the mandatory sanctions determination that the PSLRA requires upon final adjudication of the action. *See* 15 U.S.C. § 78u-4(c). Under the PSLRA, the presumptive sanction is an award to Defendants of their "reasonable attorneys' fees and other expenses." *Id*. § 78u-4(c)(3).

Dated: April 1, 2026
    New York, New York             Respectfully Submitted,

                               /s/ *Robert J. Giuffra Jr.*
                               Robert J. Giuffra Jr.
                               David M.J. Rein
                               Julia A. Malkina
                               Alexandra Bodo
                               SULLIVAN & CROMWELL LLP
                               125 Broad Street
                               New York, New York 10004
                               Telephone:  (212) 558-4000
                               Facsimile:   (212) 558-3588
                               *giuffrar@sullcrom.com*
                               *reind@sullcrom.com*
                               *malkinaj@sullcrom.com*
                               *bodoa@sullcrom.com*

                               *Counsel for Defendants STMicroelectronics*
                               *N.V., Jean-Marc Chery, and Lorenzo Grandi*

45

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answer has been served by electronic CM/ECF filing, which will send notification of such filing to all counsel of record, on this 1st day of April 2026.

Respectfully Submitted,

/s/ *Robert J. Giuffra Jr.*

Robert J. Giuffra Jr.
David M.J. Rein
Julia A. Malkina
Alexandra Bodo
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
*giuffrar@sullcrom.com*
*reind@sullcrom.com*
*malkinaj@sullcrom.com*
*bodoa@sullcrom.com*

*Counsel for Defendants STMicroelectronics N.V., Jean-Marc Chery, and Lorenzo Grandi*