**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE STMICROELECTRONICS N.V. SECURITIES LITIGATION | Case No. 1:24-cv-06370-AKH |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION**
**FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE**
**CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR**
**COMMERCIAL MATTERS DATED MARCH 18, 1970**

**PRELIMINARY STATEMENT**

Defendants went to great lengths to obtain a recantation from one of Plaintiffs' Confidential Witnesses ("CW"), Mr. Marco Monti ("Monti"). They then used that recantation to move for reconsideration and have since featured it as a cornerstone of their defense in all aspects of the case. While Defendants understandably may be nervous about what Mr. Monti told the Italian government during its insider trading and fraud investigation, they cannot credibly claim that the discovery being sought is irrelevant. In their motions to dismiss the First and Second Amended Complaints, Defendants argued that the insider trading allegations raised in Plaintiffs' Complaints did not raise a strong inference of scienter, and the Court disregarded their arguments. *In re STMicroelectronics N.V. Sec. Litig.*, No. 24 CIV. 6370 (AKH), 2025 WL 2644241 (S.D.N.Y. Sept. 15, 2025), *reconsideration denied sub nom. In re Stmicroelectronics N.V. Sec. Litig.*, No. 24 CIV. 6370 (AKH), 2026 WL 765591 (S.D.N.Y. Mar. 18, 2026); ECF No. 38 at 24-27; ECF No. 44 at 26-29. Those allegations were never dismissed and remain viable. In addition, Mr. Monti's report to Italian authorities would contain another account of what he observed while working at STMicroelectronics N.V. ("STM" or the "Company"), with perhaps new additional evidence of wrongdoing, that could corroborate what he told Plaintiffs initially.

Defendants also raise a "comity" argument claiming that Italy does not execute "Letters of Request" as a matter of policy. ECF No. 91 at 6. But Defendants' bald claim, unsupported by any case law, flies in the face of numerous cases *granting* letters of request for information from Italian witnesses. Some courts have even addressed the precise argument raised by Defendants and rejected it, ruling that it is for the Italian authorities to decide whether to issue or deny the request for discovery. Given the importance of STM to the Italian government (indeed, Italy is a part owner of the Company and previously investigated STM for fraud and insider trading), Plaintiffs find it exceedingly unlikely that their request would be rejected by Italian authorities.

Perhaps recognizing the propriety of Plaintiffs' request, Defendants fall back on an "alternative" position, asking the Court to issue a "revised" version of the "Letter of Request." However, this "revised" version strips out the most essential portions of the request; specifically, if the Court were to accept Defendants' revisions, the "Letter of Request" would omit all mention of Mr. Monti and fail to explain in any way why the information being sought is important. That appears to be by design because Defendants have only one objective—to ensure that the request is denied outright so that Plaintiffs are prevented from getting to the bottom of the truth.

## ARGUMENT

**I.    DEFENDANTS CANNOT OPPOSE PLAINTIFFS' MOTION ON THE BASIS OF "RELEVANCE" AFTER MAKING MARCO MONTI THE CORNERSTONE OF THEIR DEFENSE.**

Mr. Monti was one of eight CWs whose accounts were included in Plaintiffs' complaints. After the Court denied dismissal, Defendants obtained a declaration from Mr. Monti recanting his account and again requested the Court to dismiss the case. Defendants have continued their campaign against Plaintiffs' CWs, including Mr. Monti, since the Court denied their motion for reconsideration over two months ago. They have insisted that Plaintiffs' Counsel provide phone logs, notes, interview memoranda, and copies of all communications by/between the CWs and Plaintiffs' Counsel. However, Defendants have failed to produce any substantive documents over the last 6 months, including any of Mr. Monti's emails from the Class Period or minutes from the meetings he attended. Yet, they remain hyper-focused on him and the other CWs, and are doing everything in their power to avoid discovery on the merits, and revisit *pleading* issues related to the CWs that the Court has repeatedly rejected. Consequently, their opposition to Plaintiffs' motion marks an abrupt change in position that transparently lacks credibility.

2

The relevance of what Mr. Monti told Italian authorities about Defendants' alleged fraud and insider trading was raised by the Defendants at the pleading stage and the Court disregarded their arguments to dismiss those allegations. The Court denied Defendants' motion to dismiss in full, *In re Stmicroelectronics N.V. Sec. Litig.*, 2026 WL 765591, and Plaintiffs' insider trading allegations remain very much alive in this litigation. Third Am. Compl. ("TAC") (ECF No. 58) ¶127. In addition, Mr. Monti's communications with the Italian authorities may further corroborate his account in the TAC.

Furthermore, Mr. Monti's communications with the Italian authorities about the same matters alleged in this Action are certainly relevant to the circumstances under which Defendants obtained his recantation. That is yet another reason to reject Defendants' meritless arguments concerning the relevance of the letter of request. *See* FED. R. EVID. 608; *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (granting motion to compel production of audit documents where materials were relevant to possible defense); *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 162 F.R.D. 25, 29 (S.D.N.Y. 1995) ("the scope of discovery is not limited to the merits of an action but also may include inquiry into facts" related to witness testimony); *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *11-12 (N.D. Tex. Sept. 18, 2015) (issuing letter of request covering a category of "[a]ll communications and other documents" because it is "relevant to claims and defenses in this case").

## II.   DEFENDANTS IGNORE THE LAW WHEN RAISING "COMITY" IN OPPOSITION TO PLAINTIFFS' MOTION.

Defendants claim that Italy is unwilling to execute a "Letter of Request" and, for that reason, the Court should deny Plaintiffs' motion. ECF No. 91 at 6. But Defendants' position is at odds with the reality that letters rogatory (or letters of request) are commonly issued by the federal courts to the Italian authorities. *See, e.g.*, *Autotech Tech. Dev., Inc. v. Carbopress SpA*, No. 2:23-cv-10357,

2024 WL 4235472, at *3 (E.D. Mich. Sept. 19, 2024) (granting motion to issue Italian letters of request for depositions and documents under the Hague Convention); *Parimal v. Manitex Int'l, Inc.*, No. 3:19CV01910(MPS), 2021 WL 1978347, at *5 (D. Conn. May 18, 2021) (issuing letter of request for witnesses in Italy where objections were "largely conclusory" and did not articulate potential "burden" on Italian court or witnesses); *Cosmo Techs. Ltd. v. Actavis Lab'ys FL, Inc.*, No. 15-164-LPS, 2016 WL 4582498, at *2 (D. Del. Aug. 31, 2016) (issuing letter of request where witnesses were located in Italy and possessed evidence that was relevant). Moreover, courts agree that "[w]hether the Letters Rogatory will be executed in light of . . . Italy's Article 23 reservations is a matter for the appropriate . . . Italian tribunals, rather than this Court, to determine." *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861 RSM, 2014 WL 202102, at *2 (W.D. Wash. Jan. 17, 2014).

Defendants' remaining "comity" arguments are equally meritless. There is nothing extraordinary about a letter of request for discovery that happens to be in the possession of a foreign government. Courts have granted similar requests, explaining that whether the information requested from a foreign government is discoverable is ultimately up to the foreign court. *See Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 794-95 (S.D.N.Y. 2012) (granting letter of request to seek discovery from Canadian crown corporation); *see also Al-Misehal Commercial Group, Ltd. v. Armored Group, LLC*, No. 2:10-cv-01303, ECF No. 40 (D. Ariz. Apr. 21, 2011) (issuing letter of request to seek discovery from the First Deputy Prime Minister and Minister of Defense and Aviation of the Kingdom of Saudi Arabia); *Danisch v. Guardian Life Ins Co of Am.*, 19 F.R.D. 235, 238 (S.D.N.Y. 1956) (issuing letter of request to seek discovery from representative of National Bank of Poland); *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 1:24-CV-00744 (JLR), 2026 WL 1078382, at *6, ECF Nos. 232-

4

33 (S.D.N.Y. Apr. 21, 2026) (issuing letter of request to seek discovery from Chinese People's Courts, public security bureau and local police station while noting "the [Chinese] Court . . . is the judicial body in the best position to determine the reach of [Chinese] laws that may restrict [the Requested Materials'] production"). The requests are also narrowly tailored. They seek the "meeting minutes, meeting notes, and correspondences" relating only to the meeting between Mr. Monti and the Italian Ministry of Economy and Finance. And while Defendants claim Plaintiffs can seek the information from Mr. Monti, he would not have the official meeting notes from his meeting with the Italian Ministry of Economy and Finance. Thus, the meeting minutes and/or notes from Mr. Monti's meeting with Italian authorities appear to be the best evidence in existence as to what was actually said during the meeting and, in turn, constitute additional corroborative information of what Mr. Monti observed while employed at STM.

The "unavailability" of alternative means is underscored by Defendants' representation that they do not have possession, custody or control of any "documents from any fraud-related formal investigation or enforcement action . . . by the [Italian Ministry of Economy and Finance] or any securities regulator." ECF No. 91 at 3. Thus, since Defendants deny having any of the documents currently being sought by Plaintiffs, then the discovery at issue is not available through alternative means. *See Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 399 (3d Cir. 2021) (affirming letters rogatory where materials being sought were not available through alternative means); *Jubilant Generics Ltd. v. Dechra Veterinary Prods., LLC*, No. 2:23-cv-00237-JDL, 2024 WL 726211, at *2 (D. Me. Feb. 22, 2024) (defendants' contention about availability of documents, without more, was insufficient to justify denying request for letters rogatory). At a minimum, the materials being sought *cannot* be *easily* obtained through alternative means, thereby further supporting Plaintiffs' request. *See Wultz v. Bank of China Ltd.*, 910 F. Supp. 2d 548, 558 (S.D.N.Y.

5

2012) (granting motion to compel where record demonstrated materials could not be "easily obtained" from alternative sources).

## III.   THE COURT DOES NOT NEED TO EDIT PLAINTIFFS' LETTER ROGATORY.

Defendants propose revisions to Plaintiffs' letter of request that are unnecessary and, in fact, detrimental to Plaintiffs' request. As drafted, the letter of request properly describes the context of the request by explaining who Mr. Monti is, his connection to the action, and why it is important for Plaintiffs to obtain what they are seeking from the Italian Ministry of Economy and Finance. Defendants' proposed revisions strip all this information from the document. *See* ECF No. 91-2 at 1-2 (Defendants' redlined revisions). To be sure, Defendants' revised version makes *no* mention of Mr. Monti at all. It also strikes sections that are routinely included in letters rogatory, such as the "Summary of the Complaint" and the "Purpose of the Evidence" being sought. *See id*. at 9-13. The revisions are so severe that it almost appears as if Defendants are doing whatever they can to ensure that the Italian authorities will reject Plaintiffs' request out of hand.

Plaintiffs modeled their "Letter of Request" based on similar filings in this District, including the *Turquoise Hill* securities class action which Defendants cite with approval in their opposition. *See* ECF No. 91 at 6 (citing *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-CV-8585 (LJL), 2023 WL 5322019 (S.D.N.Y. Mar. 8, 2023)). There, another court in this District granted the motions for letters rogatory, which shows that Plaintiffs' request here is proper. *Compare* ECF No. 90-1 (Plaintiffs' Letter Request) *with Turquoise Hill*, ECF No. 221-1 & 221-2.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion for issuance of a letter of request should be granted in its entirety.

6

Dated: May 22, 2026

Respectfully submitted,

*/s/ Jianan Jiang*
Omar Jafri
Joshua B. Silverman
Brian P. O'Connell
Jianan Jiang
Jaime D. Nolasco Esquivel
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel.: (312) 377-1181
Fax: (312) 377-1184
ojafri@pomlaw.com
jbsilverman@pomlaw.com
boconnell@pomlaw.com
ajiang@pomlaw.com
jnolasco@pomlaw.com

Adam M. Apton
LEVI & KORSINSKY LLP
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com

*Counsel for Plaintiffs*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of May, 2026, I electronically filed the foregoing Memorandum of Law with the Clerk of the Court using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system for all participants in this case who are registered CM/ECF users.

*/s/ Jianan Jiang*
Jianan Jiang
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel.: (312) 377-1181
Fax: (312) 377-1184
ajiang@pomlaw.com
